FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 25 2012

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

BRANDON SCROGGIN
PLAINTIFF
PRO-SE
_____/

VS                                    CIVIL ACTION  3:12-CV-00128-SWW

CREDIT BUREAU OF JONESBORO, INC.      This case assigned to District Judge __Wright__
DEFENDANT                             and to Magistrate Judge __Kearney__
_____/

## PRELIMINARY STATEMENT

This action arises out of the facts and circumstances surrounding the collection of an alleged consumer debt. Pro-se Plaintiff Brandon Scroggin (hereinafter "Plaintiff"), an individual, on this 25th day of May, 2012, brings this claim against Credit Bureau of Jonesboro Inc. (hereinafter "Defendant") for statutory and actual damages, as well as attorney fees and costs for this litigation for violations of the *Fair Debt Collections Practices Act § 15 U.S.C. 1692 et seq* (hereinafter "FDCPA"), *Arkansas Fair Debt Collections Practice Act § A.C.A. 17-24-501 et seq* (hereinafter "AFDCPA"), *Arkansas Collection Agency Act § A.C.A. 17-24-101 et seq* (hereinafter "ACAA"), and *Arkansas Deceptive Trade Practices Act, § A.C.A. 4-88-101 et seq* (hereinafter "ADTPA").

## JURISDICTION AND VENUE

(1) Jurisdiction is conferred on this Court under *15 U.S.C. § 1692k(d)* and *28 U.S.C. § 1331*.

(2) As Plaintiff's state claims are related to Plaintiff's federal claims, and Plaintiff's state claims are inextricably entwined and arises out of a common nucleus of related facts, forms part of the same controversy under Article III of the United States Constitution, are not complex or novel and are straightforward, this Court has supplemental jurisdiction to hear and adjudicate Plaintiff's state claims against the Defendant under *28 U.S.C. § 1367*.

(3)   Venue is proper as all alleged conduct took place while the Plaintiff was residing in Jonesboro,

Arkansas, and while the Defendant was conducting business in Jonesboro, Arkansas.

## PARTIES

(4) The Plaintiff is a natural person residing in the city of Jonesboro, Craighead County Arkansas and was a "consumer" at all times as alleged in this complaint, in so far as "consumer" is defined by the FDCPA *15 U.S.C. § 1692(a)(3)*, and the AFDCPA, *A.C.A. § 17-24-502(2)*.

(5) The Defendant, with a primary place of business while conducting business in the state of Arkansas, at 109 East Jackson Street, Jonesboro, AR 72401, at all times as alleged in this complaint was acting as a "collection agency" in so far as "collection agency" is defined by the ACAA, *A.C.A. § 17-24-101(1)*, a "collector" in so far as "collector" is defined by the ACAA, *A.C.A. § 17-24-101(1)*, a "debt collector" in so far as "debt collector" is defined by the *FDCPA, 15 U.S.C. § 1692(a)(6)*, and under the AFDCPA, *A.C.A. § 17-24-502(5)*, and was attempting to collect a "debt" in so far as "debt" is defined by the FDCPA, *15 U.S.C. § 1692(a)(5)*, and under the AFDCPA, *A.C.A. § 17-24-502(4)*, which was allegedly due a "creditor" in so far as "creditor" is defined by the ACAA, *A.C.A. § 17-24-101(1)*, the FDCPA, *15 U.S.C. § 1692(a)(4)*, and the AFDCPA, *A.C.A. 17-24-502(3)(a)*.

(6) Defendant reserves the right to join the party St. Bernard's Hospital, if during discovery evidence is discovered that St. Bernard's Hospital was aware of the Plaintiff's cease communication directive but directed the Defendant to continue their collection efforts anyway.

(7) Defendant reserves the right and expects to join other parties which are employees of the Defendant, after their true identities and the nature of their involvement with the Plaintiff's account is properly determined during discovery.

## STATUTORY STRUCTURE OF THE FDCPA

(8) Plaintiff incorporates by reference and re-alleges paragraphs (1) through (7).

(9) Under the FDCPA, *15 U.S.C. § 1692f,* a debt collector may not use unfair means to collect or attempt to collect any debt..

(10) Under the FDCPA, *15 U.S.C. § 1692(e)*, a debt collector may not use deceptive or misleading representations in connection with the collection of any debt.

(11) Under the FDCPA, *15 U.S.C. § 1692(a)(2)* "communication" means the conveying of information regarding a debt "directly" or "indirectly" to any person through any medium.

(12) Under the FDCPA, *15 U.S.C. § 1692c(c)*, if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt the debt collector "shall not" communicate further with the consumer, except for one of three explicit exceptions written in unambiguous plain language permitting a debt collector subject to a cease communication directive to contact the consumer "one" additional time.

(13) Under the FDCPA, there is not a "requirement" "right" or "entitlement" for a debt collector to communicate with consumers, validate a debt, report information to a credit bureau, violate one section of the FDCPA in an attempt to comply with another section of the FDCPA or conduct any type of debt collection activity whats-so-ever. The FDCPA "allows" such conduct, other than violating one section of the FDCPA to comply with another section of the FDCPA, if such conduct can be done while staying in strict compliance with the FDCPA, but does not grant any such "right" or "entitlement."

(14) Under the FDCPA, *15 U.S.C. § 1692c(b)*, without the prior consent of the consumer given directly to the debt collector, a debt collector may not communicate "in connection with the collection of any debt" with any person other than the consumer.

(15) Under the FDCPA, leaving a voice mail message which identifies the consumer by name as the intended target of the call and states "this is an attempt to collect a debt" conveys substantive information about the message, conveys more information than would be available from a hang-up or missed call and is well settled the "communication" is also a "communication in connection with the collection of a debt."

(16) No section of the FDCPA shifts the burden to the consumer where a consumer "shall" comply with unilaterally imposed rules or restrictions, with no statutory authority, demanded by a debt collector

as to how a consumer shall conduct themselves in their own home.

(17)   Under the FDCPA, if the offending conduct is not unreasonable is not a defense.

(18)   No section of the FDCPA purports to protect only deserving debtors, the FDCPA protects all consumers equally, from the gullible to the shrewd.

(19)   As it relates to the FDCPA, the law of the land is the bona fide error defense does not apply to negate a violation of the FDCPA resulting from a debt collectors mistaken interpretation of the legal requirements of the FDCPA. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, LPA, 130 S.Ct.1605, 1608 (2010).*

## STATUTORY STRUCTURE ACAA

(20)   Plaintiff incorporates by reference and re-alleges paragraphs (1) through (19).

(21)   Under the ACAA, *A.C.A. § 17-24-101(1)*, "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.

(22)   Under the ACAA, *A.C.A. § 17-24-101 XIV(b)*, when a collection agency communicates with a debtor, the Agency "must" disclose the name of the creditor. If the Agency does not, the Agency is guilty of engaging in improper communication with a consumer.

(23)   Under the ACAA, *A.C.A. § 17-24-101 XVI(b)*, improper communication with a debtor "shall be" considered and treated as engaging in an unethical practice or resorting to illegal means or method of collection.

## STATUTORY STRUCTURE OF THE AFDCPA

(24)   Plaintiff incorporates by reference and re-alleges paragraphs (1) through (23).

(25)   Under the AFDCPA, *A.C.A. 17-24-101* the terms debt, consumer, debt collector, creditor, and communication have the exact meaning as defined under the *FDCPA, § 15 U.S.C. 1692.*

(26)   Under the AFDCPA, *A.C.A. § 17-24-504a(c)*, as it relates to ceasing communications after a refusal to pay directive has been received, the exact statutory prohibitions as under the *FDCPA 15 U.S.C. § 1692c(c)* are used.

(27) Under the AFDCPA, *A.C.A. § 17-24-504(a)(b)* as it relates to illegal contact with third parties, the exact statutory prohibitions as under the *FDCPA, 15 U.S.C. § 1692(a)(b)* are used.

(28) Under the AFDCPA, *A.C.A. § 17-24-506(a)*, as it relates to using deceptive or misleading representations in connection with the collection of a debt, the exact statutory prohibitions as under FDCPA, *15 U.S.C. § 1692(e)* are used.

## STATUATORY STRUCTURE OF THE ADTPA

(29) Plaintiff incorporates by reference and re-alleges paragraphs (1) through (28).

(30) Under the ADTPA, *A.C.A. § 4-88-107(a)(10)*, engaging in any unconscionable, false, or deceptive act or practice in business, commerce or trade violates the ADTPA.

(31) A violation of the FDCPA is a per se violation of the ADTPA. *See McDaniel vs BC Legal Group, P.C., Pulaski County Arkansas Circuit Court, sixth division, CV-2007-16311.*

## FACTS

(32) Plaintiff incorporates by reference and re-alleges paragraphs (1) through (31).

(33) The Plaintiff, on or about the date of March 5, 2012, received a written initial communication from the Defendant in the form of a debt collection letter.

(34) In the initial communication, the Defendant stated they were a debt collector and were demanding payment from the Plaintiff for an alleged past due consumer debt which was incurred for the personal benefit of the Plaintiff and was owed to a third party other than the Defendant.

(35) On the date of March 26, 2012, and in response to the Defendant's letter on or about March 5, 2012, the Plaintiff sent, by certified mail, to the Defendant a written communication stating that the Plaintiff "refused to pay the debt," (*See Exhibit A attached hereto and incorporated by reference*) and while in no way required by law advised the Defendant of the reason for the refusal to pay.

(36) The cease communications directive was received by the Defendant on March 30, 2012. *See Exhibit B attached hereto and incorporated by reference.*

(37) On or about the date of April 10, 2012, the Plaintiff received directly from the original creditor an

invoice with a break down of how the charges for the debt which the Plaintiff allegedly owed to the creditor were calculated.

(38) The invoice was mailed to the Plaintiff, a consumer, directly by the creditor, St. Bernard's Hospital, and in an envelope with St. Bernard's Hospital showing as the return address. The invoice was not sent by the debt collector to the Plaintiff. For obvious reasons the Plaintiff assumed he would now only be dealing and/or communicating with the third party creditor and not the Defendant, as was the Plaintiff's wish and intent when asserting the cease communications due to prior collection agency abuse.

(39) On the date of April 27, 2012, on or around 11:52 am, *(See Exhibit C attached hereto and incorporated by reference)* a debt collector working under the direct authority and supervision of the Defendant, advising her name was Ally, voluntarily, while uninvited and in direct violation of the cease communication directive lawfully asserted by the Plaintiff, intruded into the home of the Plaintiff and illegally further communicated with the Plaintiff by leaving a voice mail message in connection with the collection of a debt.

(40) Debt Collector Ally's illegal conduct included making the following disclosures on the Plaintiff's voice mail.

- Debt Collector Ally was calling in an effort to communicate with Brandon Scroggin.
- Debt Collector Ally was calling and communicating from the Credit Bureau of Jonesboro.
- Debt Collector Ally was a debt collector.
- Debt collector Ally was attempting to collect a debt
- Debt collector Ally was calling about "personal" and "private information"
- The Plaintiff was to return the phone call to Credit Bureau of Jonesboro.

(41) The illegal further communication was heard by a third party, Kirby Wilson, who was an invited guest in the home of the Plaintiff and was not an uninvited intruder violating the Plaintiff's rights.

(42) On or about the date of May 10, 2012, the Defendant, again, illegally further communicated with

the Plaintiff by willfully, recklessly and with complete disregard to the cease communications directive lawfully asserted by the Plaintiff, sent another collection letter to the Plaintiff demanding payment from the Plaintiff. *See Exhibit D attached hereto and incorporated by reference.*

(43) Prior to receiving the Defendant's further communications, the Plaintiff had made **no** contact with the Defendant or the third party creditor, made no payment on the debt to the Defendant or the third party creditor and in no way when using the rubric least sophisticated standard, knowingly, intelligently, clearly and convincingly with sufficient awareness of the relevant circumstances and likely consequences, voluntary relinquished or waived the written cease communicates directive which the Plaintiff had legally asserted and the Defendant had been made aware.

(44) On the date of April 27, 2012, and May 14, 2012, and after receiving illegal further communications from the Defendant, including having a third party illegally made aware of the Plaintiff's alleged owing of a debt to the Defendant, the Plaintiff experienced extreme stress, embarrassment, shock, the pre-existing condition of anxiety was re-aggravated and the Plaintiff experienced severe anxiety (panic attack), a condition which the Plaintiff has been under a medical doctor's care for in the past, including the Plaintiff being seen in the emergency room three times for severe anxiety attacks.

## CAUSES OF ACTION

### COUNT 1 VIOLATION OF THE ACAA

(45) Plaintiff incorporates by reference and re-alleges paragraphs (1) through (44).

(46) On April 27, 2012, the Defendant violated the ACCA, specifically *A.C.A. § 17-24-101 XIV(b)*.

(47) The Defendant improperly communicated with the Plaintiff when they failed to disclose in their communication with the Plaintiff the name of the creditor.

(48) Therefore, by their voluntary conduct which the Defendant had complete discretion, the Defendant violated the ACAA, specifically *A.C.A. § 17-24-101 XIV(b)*.

### COUNT 2 VIOLATIONS OF THE FDCPA

(49) Plaintiff incorporates by reference and re-alleges paragraphs (1) through (48).

(50) On the date of April 27, 2012, the Defendant violated the FDCPA, specifically *15 U.S.C. § 1692c(c)*.

(51) The Defendant violated the cease communications directive which had been lawfully asserted by the Plaintiff.

(52) Therefore, by their voluntary conduct which the Defendant had complete discretion, the Defendant violated the FDCPA, specifically *15 U.S.C. § 1692c(c)*.

(53) Plaintiff incorporates by reference and re-alleges paragraphs (1) through (51).

(54) The Defendant violated the FDCPA, specifically *15 U.S.C. § 1692c(c)*.

(55) On or about the date of May 14, 2012, the Defendant violated the cease communications directive which had been lawfully asserted by the Plaintiff.

(56) Therefore, by their voluntary conduct which the Defendant had complete discretion, the Defendant violated the FDCPA, specifically *15 U.S.C. § 1692c(c)*.

(57) Plaintiff incorporates by reference and re-alleges paragraphs (1) through (56).

(58) The Defendant violated the FDCPA, specifically *15 U.S.C. § 1692c(b)*.

(59) On the date of April 27, 2012, the Defendant while acting with unclean hands and already acting in violation of *15 U.S.C. § 1692c(b)*, chose to voluntary engage in conduct that went perilously close to a proscribed conduct and therefore assumed the risks which their voluntary conduct created when the Defendant communicated in connection with the collection of a debt with a party other than the Plaintiff when no permission had been expressly given to the Defendant by the Plaintiff to do so.

(60) Therefore, by their voluntary conduct which the Defendant had complete discretion, the Defendant has violated the FDCPA, specifically *15 U.S.C. § 1692c(b)*.

(61) Plaintiff incorporates by reference and re-alleges paragraphs (1) through (60).

(62) The Defendant violated the FDCPA, specifically *15 U.S.C.§ 1692f*.

(63) The Defendant, on the date of April 27, 2012, on or around 11:54 am, violated the ACAA by

engaging in improper communication with the Plaintiff and therefore committing a per se violation of the FDCPA prohibition against using unfair means to collect or attempt to collect a debt, since improper communications "shall be" considered an unethical or illegal means of collection.

(64) Therefore, by their voluntary conduct which the Defendant had complete discretion, the Defendant has violated the FDCPA, specifically *15 U.S.C.§ 1692f.*

(65) Plaintiff incorporates by reference and re-alleges paragraphs (1) through (64).

(66) The Defendant violated the FDCPA, specifically 15 U.S.C. *§ 1692(e).*

(67) The Defendant made the misleading representation to the Plaintiff that the Defendant had properly complied with the FDCPA and the Plaintiff would now only be dealing with and/or communicating with the creditor only, when after receiving the cease communications directive from the Plaintiff, based on information and reasonable belief, the Defendant communicated the cease communications directive to the creditor, thereby causing the creditor to further communicate with the Plaintiff in a legal manner, implying and representing to the Plaintiff that the Defendant had properly ceased all further communications with the Plaintiff, only to then again further illegally communicate with the Plaintiff several weeks later.

(68) Therefore, by their voluntary conduct which the Defendant had complete discretion, the Defendant has violated the FDCPA, specifically *15 U.S.C. § 1692(e)*

## COUNT 3 VIOLATIONS OF THE AFDCPA

(69) Plaintiff incorporates by reference and re-alleges paragraphs (1) through (68).

(70) The Defendant violated the AFDCPA, specifically *A.C.A. § 17-24-504(a)(c).*

(71) On the date of April 27, 2012, the Defendant violated the cease communications directive lawfully asserted by the Plaintiff.

(72) Therefore, the Defendant by their voluntary conduct which the Defendant had complete discretion, the Defendant violated the AFDCPA, specifically *A.C.A. § 17-24-504(a)(c).*

(73) Plaintiff incorporates by reference and re-alleges paragraphs (1) through (72).

(74) The Defendant violated the AFDCPA, specifically *A.C.A. § 17-24-504(a)(c)*.

(75) On or about the date of May 14, 2012, the Defendant violated the cease communications directive lawfully asserted by the Plaintiff.

(76) Therefore, by their voluntary conduct which the Defendant had complete discretion, the Defendant violated the AFDCPA, specifically *A.C.A. § 17-24-504(a)(c)*.

(77) Plaintiff incorporates by reference and re-alleges paragraphs (1) through (76).

(78) The Defendant violated the AFDCPA, specifically *A.C.A.§ 17-24-504(a)(b)*.

(79) On the date of April 27, 2012, without the prior consent of the Plaintiff given directly to the Defendant, the Defendant communicated in connection with the collection of a debt with a person other than the Plaintiff.

(80) Therefore, by their voluntary conduct which the Defendant had complete discretion, the Defendant has violated the AFDCPA, specifically *A.C.A.§ 17-24-504(a)(b)*.

(81) The Defendant violated the AFDCPA, specifically *A.C.A. § 17-24-506(a)*.

(82) The Defendant made the misleading representation to the Plaintiff that the Defendant had properly complied with the FDCPA and the Plaintiff would now only be dealing with and/or communicating with the creditor only, when after receiving the cease communications directive from the Plaintiff, based on information and reasonable belief, the Defendant communicated the cease communications directive to the creditor, thereby causing the creditor to further communicate with the Plaintiff in a legal manner, implying and representing to the Plaintiff that the Defendant had properly ceased all further communications with the Plaintiff, only to then again further illegally communicate with the Plaintiff several weeks later.

(83) Therefore, by their voluntary conduct which the Defendant had complete discretion, the Defendant has violated the AFDCPA, specifically *A.C.A.§ 17-24-506(a)*.

## COUNT 4 VIOLATIONS OF THE ADTPA

(84) Plaintiff incorporates by reference and re-alleges paragraphs (1) through (83).

(85) The Defendant has violated the ADTPA, specifically *A.C.A. § 4-88-107(a)(10)*.

(86) The Defendant's numerous violations of the FDCPA are per se violations of the ADTPA, and the Plaintiff submits although there is no case law on the issue as to a violation of the AFDCPA being a per se violation of the ADTPA, *McDaniel v JBC Legal Group, P.C., Pulaski County Arkansas Circuit Court, sixth division, CV-2007-16311,* is persuasive and should also extend to a AFDCPA violation triggering a per se violation of the ADTPA.

(87) Therefore, by their voluntary conduct which the Defendant had complete discretion, the Defendant has violated the ADTPA, specifically *A.C.A. § 4-88-107(a)(10)*.

## DAMAGES AND PRAYER FOR RELIEF

(88) Plaintiff incorporates by reference and re-alleges paragraphs (1) through (87).

(89) Under the FDCPA, *15 U.S.C. § 1692k(a)(2),* any debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for statutory damages up to $1,000.

(90) As to statutory damages under the FDCPA, the Plaintiff prays for relief and judgment in the amount of $1000.00 (one thousand dollars).

(91) Under the FDCPA, *15 U.S.C. § 1692k(a)(1),* any debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for actual damages.

(92) Any state law requirement which might exist requiring intent or shock and outrage is not applicable under the FDCPA. Furthermore, the Defendant is liable for emotional distress under the egg shell doctrine.

(93) As to the actual damage of emotional distress under the FDCPA, the Plaintiff prays for relief and judgment in the amount of no less than $5,000.00 (five-thousand dollars) and up to an amount which is proven at trial.

(94) Under the FDCPA, *15 U.S.C. § 1692k(a)(3),* a Plaintiff who is successful in a FDCPA action is entitled to attorney fees and costs for the litigation.

(95) Plaintiff prays for relief and judgment for attorney fess and costs to bring this action under the FDCPA.

(96) Under the AFDCPA, *A.C.A. § 17-24-512(a)(2)*, any debt collector who fails to comply with any provision of the AFDCPA with respect to any person is liable to such person for statutory damages up to $1,000. *See A.C.A. § 17-24-512(a)(2)*.

(97) As to statutory damages under the AFDCPA, the Plaintiff prays for relief and judgment in the amount of $1000.00 (one thousand dollars).

(98) Under the AFDCPA, *A.C.A. § 17-24-512(a)(1)*, any debt collector who fails to comply with any provision of the AFDCPA with respect to any person is liable to such person for actual damages.

(99) As to the actual damage of emotional distress under the AFDCPA, the Plaintiff prays for relief and judgment in the amount proven at trial.

(100) Under the AFDCPA, *A.C.A. § 17-24-512(a)(3)*, a Plaintiff who is successful in a AFDCPA action is entitled to attorney fees and costs for the litigation.

(101) Plaintiff prays for relief and judgment for attorney fess and costs to bring this action under the AFDCPA.

(102) Under the ADTPA, *A.C.A. § 4-88-113(f)*, any person who suffers actual damage or injury as a result of an offense or violation under the ADTPA has a cause of action to recovery actual damages, if appropriate, and reasonable attorney's fees.

(103) As to the actual damage of emotional distress under the ADTPA, the Plaintiff submits the actual damage of emotional distress is appropriate, and prays for relief and judgment in the amount proven at trial.

(104) Plaintiff prays for any other relief that the Court deems appropriate.

## DEMAND FOR TRIAL BY JURY

(105) Plaintiff incorporates by reference and re-alleges paragraphs (1) through (104).

(106) Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury for

all issues triable by jury.

RESPECTFULLY SUBMITTED, on this 25TH day of May, 2012.

*[signature]*

Brandon Scroggin
526 West Monroe
Jonesboro, AR. 72401
870-897-3872
acsscroggin@gmail.com