IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

BRANDON SCROGGIN,
PRO SE                                                                               PLAINTIFF

CASE NO. 3:12-CV-00128-SWW

CREDIT BUREAU OF JONESBORO, INC.                              DEFENDANT

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1.      Defendant Credit Bureau of Jonesboro, Inc. denies each and every material allegation of Plaintiff's Complaint unless otherwise admitted in this Answer.

2.      Defendant admits the allegations contained in Paragraphs (1)-(3) in that this Court has jurisdiction over this action and that venue is proper.

3.      Defendant admits the allegations contained in Paragraphs (4)-(5) of Plaintiff's Complaint, except that Defendant denies being a "collector" as Plaintiff alleges is defined by Ark. Code Ann. § 17-24-101.

4.      Defendant believes that the allegations contained in Paragraphs (6)-(7) are misstated and denies the same.

5.      Defendant denies the allegations contained in Paragraph (8) of Plaintiff's Complaint.

6.      Defendant admits the allegations contained in Paragraphs (9)-(11) of Plaintiff's Complaint.

7.      Defendant denies the allegations contained in Paragraphs (12)-(19) of Plaintiff's Complaint as they contain misinterpretations of the law.

8.      Defendant denies the allegations contained in Paragraphs (20)-(24) of Plaintiff's Complaint.

9.      Defendant admits that the legal terms: debt, consumer, debt collector, creditor, and communication have the same meanings under the FDCPA and AFDCPA as alleged in Paragraph (25).

10.     Defendant admits the allegations contained in Paragraph (26) of Plaintiff's Complaint.

11.     Defendant denies the allegations contained in Paragraph (27) of Plaintiff's Complaint.

12.     Defendant admits the allegations contained in Paragraph (28) of Plaintiff's Complaint.

13.     Defendant denies the allegations contained in Paragraph (29) of Plaintiff's Complaint.

14.     Defendant admits the allegations contained in Paragraph (30) of Plaintiff's Complaint.

15.     Defendant denies the allegations contained in Paragraphs (31)-(32) of Plaintiff's Complaint.

16.     Defendant admits the allegations contained in Paragraph (33) of Plaintiff's Complaint.

17.     Defendant admits the allegations contained in Paragraph (34) of Plaintiff's Complaint and further states that the initial communication letter stated the following:

> For the purpose of this communication I am acting as a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

2

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

18.     Defendant admits the allegations contained in Paragraph (35) of Plaintiff's Complaint.

19.     Defendant admits that it received Plaintiff's letter regarding the debt, but denies the rest of the allegations contained in Paragraph (36).

20.     Defendant is without knowledge as to the allegations contained in Paragraphs (37)-(38) of Plaintiff's Complaint and therefore denies the same.

21.     Defendant admits that a voice message was left on Plaintiff's personal cell phone but denies the rest of the allegations contained in Paragraph (39).

22.     Defendant admits to the statements made in Paragraph (40) but denies that the conduct was illegal.

23.     Defendant denies the allegations contained in Paragraph (41) of Plaintiff's Complaint.

24.     Defendant admits that a second notice letter was sent to Plaintiff but denies the rest of the allegations contained Paragraph (42).

25.     Defendant denies the rest of the allegations contained in Plaintiff's Complaint.

<u>Affirmative Defenses</u>

26.     Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. Rule 12 (b)(6) for failure to state a claim upon which relief may be granted.

3

27.     Defendant pleads and claims any and all defenses, which may be applicable, pursuant to Fed. R. Civ. P. Rule 8(c).

28.     All actions of Defendant in dealing with Plaintiff were done so in good faith and thus, Defendant pleads that if any violation occurred it resulted from bona fide error.

29.     Plaintiff has unclean hands in bringing this Complaint.

30.     Defendant reserves the right to amend its Answer herein and plead further pending the completion of discovery.

31.     Defendant reserves the right to file a counter-claim in this action.

WHEREFORE, Defendant, Jonesboro Credit Bureau, Inc. prays that the Complaint of Plaintiff Brandon Scroggin be dismissed; for its attorneys' fees and costs expended herein; for a trial by jury on all issues of fact arising herein; and for all other just and proper relief to which it may be entitled.

Respectfully Submitted,

MIXON LAW FIRM
Attorneys for Defendant
P.O. Box 1442
Jonesboro, Arkansas 72403
870.935.8600, 870.935.8266(f)
rworsham@mixonlawfirm.com

By: /s/ Rebecca Worsham
        Rebecca Worsham 2009260

<u>Certificate of Service</u>

I, Rebecca Worsham, certify that a copy of the above and foregoing pleading has been electronically filed with the Clerk of the Court using the CM/ECF system, and a copy has been mailed by U.S. Mail, postage prepaid, to the Plaintiff as listed below on June 25, 2012.

Brandon Scroggin
526 West Monroe
Jonesboro, Arkansas 72401
870.897.3872
acsscroggin@gmail.com

_/s/ Rebecca Worsham_____
Rebecca Worsham