IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

BRANDON SCROGGIN                                                    PLAINTIFF

CASE NO. 3:12-CV-00128-SWW

CREDIT BUREAU OF JONESBORO, INC.                          DEFENDANT

DEFENDANT'S MOTION TO DISMISS AND FOR AN ORDER OF CIVILITY

1.      Plaintiff filed this lawsuit against Defendant on May 25, 2012, alleging that Defendant violated the Fair Debt Collection Practices Act (FDCPA); Arkansas Fair Debt Collection Practices Act (AFDCPA); the Arkansas Collection Agencies Act (ACAA) and the Arkansas Deceptive Trade Practices Act (ADTPA). (Doc. #1, 8).

2.      This matter is currently set for trial during the week of July 15, 2013. (Doc. #12).

3.      On March 2, 2013, Defendant's counsel deposed the Plaintiff. During the deposition, Plaintiff admitted to writing posts on two debtors' websites: http://www.creditinfocenter.com and http://www.debtorsboard.com. Exhibit 1, page 15, Lines 10-20. Both of these websites offer consumers do-it-yourself information regarding how to prevail against debt collectors in litigation. See Exhibit 3, pages 1-3.

4.      In his deposition, Plaintiff stated that his username on both of the websites is "Coltfan1972." See Exhibit 1, page 16, Lines 1-3. He testified that he posts approximately twenty (20) times per day on the online discussion boards contained at http://www.creditinfocenter.com (referred to herein as "CIC") Id. at Lines 11-12.

5.      CIC's online discussion boards are forums that allow members to hold conversations in the form of posted messages. See Exhibit 2. Members are able to create their own "topics" or threads within the site's forums and have other members respond to their posts. Members can also upload documents, video clips, and send private messages. Id. It is common for Plaintiff and other CIC members to write posts that contain emoticons, which show the member's attitude or emotion. Id.

6.      In looking at Plaintiff's profile summary on the CIC website, one can see that he has made over 6,500 posts since 2011.  See Exhibit 3, page 9.

7.      Plaintiff considers himself an expert on the FDCPA and refers to himself as the "Robinhood" of debtors. See Exhibit 1, page 17, Lines 3-4. He asserts that he has helped over 70 people fight debt collectors on the CIC website. Id. pages 22-23.  Plaintiff states that one of his cases went all the way to the Wyoming Supreme Court. Id. page 16, Lines 18-22.

8.      Other CIC members look to Plaintiff for advice on debt collection laws and practices. Plaintiff is seen as an inspiration to many other members. One fellow CIC member has even created a forum topic en-titled "Hammer Away and Win Your Case!-Alternatively Called 'Why ColtFan is My Hero!' :)." See Exhibit 6.

9.      Plaintiff commonly advises other members to run up a debt collector's legal fees by turning litigation into a "circus"[1] and making it a  "complete nightmare."[2]

## Plaintiff's Actions

10.      On March 3, 2013, Plaintiff sent Defendant's counsel an ex parte email with a direct link to a forum on the CIC website that he created and en-titled "Let the Games

---

[1] See Exhibit 5, post #s 50, 79, 109, 124, 183, 207, 213.
[2] See Exhibit 5, post #s 151, 163, 244.

2

Begin- They Want to Depose Me, YES!!! UPDATED 3/2/2013, FULL DEPO REPORT!!!!!" See Exhibit 4.

11.     The forum linked to the email contained the "topic" and is where Plaintiff and other CIC members posted about the deposition.

12.     Plaintiff wrote that he had hoped for the deposition to be a "train wreck" and he prepared some "one-liners" to entertain his CIC fans in the videoed deposition. Exhibit 5, page 45,post #139.

13.     During the deposition, Plaintiff stated that he divorced his former wife "[b]ecause she went to Nashville and had a three-some with another guy and her boyfriend and didn't invite me to come along. I kind of wanted to be there for that." Exhibit 1, page 5, Lines 11-14.

14.     Plaintiff went on to state:

> I sued the Grove Apartment Complex because what happened
> was I moved out and me and the apartment manager, we having
> sex all the time in the model apartment….Just, you know,
> friends with benefits-type thing…And so she got mad at me
> when I cut her off because I got a girlfriend and she thought
> that I should keep on banging her while I had a girlfriend and
> I'm not that way because I had that done to me.

Exhibit 1, page 7, Lines 11-21. Plaintiff bragged about making these vulgar "one liners" in post #139 of Exhibit 5.

15.     On page nine (9) of the forum linked to the email sent by Plaintiff to Defendant's counsel, Plaintiff wrote and posted about the physical appearance of opposing counsel: "She just had a kid and her weight was excellent and she had a nice rack." See Exhibit 5, page 59, Post #168.

16.     Plaintiff also wrote and posted prurient comments and emoticons about opposing counsel:



"She was not hot that day but very doable and yes hot."

To read the full post see Exhibit 5, page 59, post #168.

17.     On March 10, 2013, Plaintiff wrote and posted vulgarity directed at opposing counsel:

> **Well F U and up yours !!!!!!**  I know you're reading this thread because I gave it to you in the depo and then emailed it to you later in the day because you could not even spell the website right.   So walk into that federal courtroom with me and get ready for the biggest (train-wreck emoticon) ever….You're losers and you lost the minute I walked into that courthouse in June, laid 350 bucks on the counter and told that nice court clerk, 'stamp this SOB sister, I'm suing these bastards.'

See Exhibit 5, page 74, Post #202. (Emphasis added).

18.     Plaintiff's posts are discussed more in full in the brief accompanying this motion.

## Ethical Standards

19.     In 2012, the Arkansas Supreme Court revised the Attorney Oath of Admission (the "Oath") to add a pledge of civility. The following provisions were added to the oath:

> "I will maintain the respect and courtesy due to courts of justice, judicial officers, and those who assist them."

> "To opposing parties and their counsel, I pledge fairness, integrity, and civility not only in court, but also in all written and oral communications."

4

<u>In Re Attorney Oath of Admission</u>, 2012 Ark. 82 (per curiam).

20.     The preamble to the Arkansas Rules of Professional Conduct states that a "lawyer should use the law's procedures only for legitimate purposes and not to harass and intimidate others."

21.     Rule 8.4(d) of the Arkansas Rules of Professional Conduct provides that it is professional misconduct for a lawyer to "engage in conduct that is prejudicial to the administration of justice." Comment (3) to Rule 8.4(d) states:

> The proscription extends to any characteristic or status that is not relevant to the proof of any legal or factual issue in dispute. *Such discriminatory conduct, when directed towards litigants, jurors, witnesses, other lawyers, or the court, including race, sex, religion, national origin, or any other similar factors, subverts the administration of justice and undermines the public's confidence in our system of justice, as well as notions of equality.* Legitimate advocacy respecting the foregoing factors does not violate paragraph (d).

22.     Plaintiff's conduct in emailing opposing counsel a link to the prurient post and making other postings designed to be abusive is in direct violation of the Attorney's Oath, the Preamble to the Arkansas Rules of Professional Conduct, and Rule 8.4(d).

23.     Although Plaintiff is not licensed to practice law, he cannot flout the rules of Professional Responsibility just because he is pro se or represented by an attorney.

### Court's Inherent Authority

24.     The United States Supreme Court has held that "if in the informed discretion of the court" there is "bad-faith conduct" and neither statute "nor the Rules are up to the task, the court may safely rely on its inherent power" to sanction such conduct. <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 50, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).

25.     "By its nature as a court of justice, the district court possesses inherent powers 'to manage [its] affairs so as to achieve the orderly and expeditious disposition of cases.'" Wescott Agri-Products v. Sterling State Bank, 682 F. 3d 1091, 1095 (8th Cir.2012), (quoting Chambers, 501 U.S. 32, 43-46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (quoting Link v. Wabash R.R., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). Defendant states that Plaintiff's disrespect for this court is a sufficient basis to dismiss Plaintiff's complaint.

26.     In addition, the Court also has authority under Federal Rule of Civil Procedure 16(f) to regulate pre-trial conduct that takes up additional time of the Court.

27.     Pursuant to its inherent power to regulate the matters before it and FRCP 16(f), this Court should enter an Order to order that Plaintiff shall abide by the principles and standards set forth in the Arkansas Rules of Professional Conduct and the Oath.

28.     An Order of Civility would help administer the current litigation in a more efficient manner. In addition, it would also deter litigants from engaging in disruptive and abusive conduct in judicial proceedings across the country.

29.     This Court should also order that Plaintiff's public posts to any website, electronic forum, message board, social media site or equivalent service should be restricted as follows:

    a.  During the pendency of this lawsuit, Plaintiff shall wait 48 hours after an event occurs in the lawsuit before he can post about it.

    b.  Plaintiff's attorney shall review all of Plaintiff's posts prior to posting to ensure compliance with the proposed order.

c. Plaintiff shall not make any posts of a sexual or prurient nature that demean opposing counsel or the parties or violate the Oath or the Arkansas Rules of Professional Conduct; and

d. Plaintiff shall keep a record of all posts made, and any deleted or revised posts, the date and time of all such posts, and the name of any website, electronic forum, message board, social media site or equivalent service where such posts were made.

e. Plaintiff shall refrain from posting any video or audio related to or suggestive of this case without the prior review of same by his attorney and the prior approval of this court.

f. Plaintiff's attorney shall explain any orders of the court in this case to Plaintiff and shall direct Plaintiff to comply with same unless appeal is taken with said issue.

30.    This Court should order that if Plaintiff violates the proposed civility order, then he may be held in contempt of court and subject to sanctions or other relief.

WHEREFORE, Defendant Credit Bureau of Jonesboro, Inc., prays that the Court dismiss the complaint of Plaintiff; that the Court an order of civility applicable to the parties and counsel in this matter; that Defendant be awarded its attorney's fees in costs in bringing this motion; and for any and all other relief to which it may be entitled.

Defendant relies on the following attachments that are submitted in conjunction with this motion and the accompanying brief:

1.      Portions of Plaintiff's deposition.

2.      Affidavit of Defendant's Counsel, Rebecca Worsham.

3.      A print-out of the CIC website's homepage and other relevant pages.

4.      An email sent from Plaintiff to opposing counsel.

5.      A compilation of all the posts made on the CIC site contained in deposition "topic" created by Plaintiff.

6.      A compilation of all the posts made on CIC's "topic" en-titled "Hammer Away and Win Your Case!-Alternatively Called 'Why ColtFan is My Hero!' :)."

Respectfully Submitted,

MIXON LAW FIRM
Attorneys for Defendants
P.O. Box 1442
Jonesboro, Arkansas 72403
870.935.8600; 870.935.8622 (fax)

By:_____/s/ Donn Mixon_____
      Donn Mixon 76079
      dmixon@mixonlawfirm.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing pleading was electronically filed with the Clerk of Court on April 5, 2013, using CM/ECF system, which shall send notification of the filing to the following:

Victoria Leigh
Leigh Law LLC
P.O. Box 21514
Little Rock, Arkansas 72221
501-658-3108
v@leigh-law.com

/s/ Donn Mixon
Donn Mixon