**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**BRANDON SCROGGIN**                                                                                       **PLAINTIFF**

**VS.**                                                   **3:12-CV00128-SWW**

**CREDIT BUREAU OF JONESBORO, INC.**                                          **DEFENDANTS**

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND FOR AN ORDER OF CIVILITY**

## I. Introduction

Plaintiff filed this lawsuit on May 25, 2012, alleging violations of the Fair Debt Collections Practices Act (FDCPA), the Arkansas Collection Agencies Act (ACAA), and the Arkansas Deceptive Trade Practices Act (ADTPA).

The scheduling order was entered allowing extra time for each stage of the case to accommodate Ms. Worsham, who was pregnant at the time, but has since given birth to her baby.

Defendant requested a Deposition after the deadline for Discovery had passed; but Plaintiff and Plaintiff's counsel acquiesced to the request without objection. The Deposition was taken on a Saturday to accommodate Plaintiff's work schedule (he was still in his probationary period) and the schedule of Plaintiff's counsel (she is in Little Rock and because Defendant's counsel wanted to take the Deposition as soon as possible, it was impossible for her to fit an all-day deposition in her calendar unless it was on a Saturday).

Defendant's did not address Plaintiff's blog posts with Plaintiff's counsel prior to filing a motion with the Court.

## II. Ethical Standards

Defendant's extensive briefing of the ethical standards for lawyers is irrelevant because

Plaintiff is not an attorney. Even if he were an attorney, he did not violate any ethical standards of conduct.

### III. Plaintiff's Conduct

Plaintiff considers himself an expert on consumer protection statutes. He is active online in multiple blogs and posting forums.

### a.    If Plaintiff were a lawyer, his comments do not violate the ethical standards

It is unreasonable to accuse Plaintiff of using the rules of law to harass Defendant during the deposition. The deposition was conducted at the request of Defendant; Plaintiff answered the questions asked by Defendant's counsel in a polite tone of voice, at a reasonable volume and without any aggression. There was no harassing on the part of Plaintiff. Defendant cannot characterize Plaintiff's conduct as "harassing" because counsel does not like Plaintiff's answers.

Rule 8.4(d) specifically prohibits references and comments that are not relevant to the legal or factual issues in dispute *when they are directed toward litigants, jurors, witnesses, other lawyers, or the court.* (emphasis added.)  Plaintiff's comments were made anonymously for the entertainment of online followers who are not in any way related to this case or have knowledge of the identity of the actual litigants and lawyers. Rule 8.4(d) does not apply here even if Plaintiff were a lawyer.

The attorney's oath requires civility toward the Court, Judicial officers, and those who assist them. Defendant has not alleged Plaintiff has not been civil toward them or toward the Court. Anonymously poking fun at unnamed law firm or attorneys on a website does not fall under the forbidden conduct in the attorney's oath.

### b.    Plaintiff's comments should be construed in light of his audience

Plaintiff is something of a "big fish" in the pro se consumer protection world. He has a

significant following and a reputation to maintain. His comments are arrogant and conceited and maybe even inflammatory; but they are made to support Plaintiff's "bad-ass" reputation in the consumer protection online community and with the intention of entertaining his audience.

Some of Plaintiff's comments are exaggerated. For example, Plaintiff's assertion that the deposition was held on a Saturday even though he had "nothing" to do during the week is an exaggeration; the deposition was held on Saturday for the very valid reason that Plaintiff's counsel could not come to Jonesboro in that time period unless it was on a Saturday. It sounded more impressive to Plaintiff's audience if he implied it was because he simply wanted to make it as hard as possible on Defendant's counsel.

There are numerous other examples, but in the interest of brevity, they will not be briefed.

    **c.**     **Anonymity**

Plaintiff made these comments anonymously, which further protected the comments from reaching an audience outside the forum members. Defendant's counsel knows Plaintiff's username because it was requested in the deposition; but the forum members do not know Plaintiff's name, so his followers do not know the case name and are unable to access the document related to this case which are in the public record. Thus, the followers don't know the name or firm of the opposing counsel which Plaintiff brags about beating.

Plaintiff has not identified the case on the forum, nor has he posted the case number or the names of the parties. The posts are made generally about an unidentified case, designed to benefit the forum. For all the forum members know, Plaintiff could be making the existence of the case up completely.

Plaintiff has been involved in more than one lawsuit; there have been multiple opposing counsels; Defense counsel has no proof whatsoever that any of Plaintiff's comments were related

to this particular case; specifically there is no proof that the alleged prurient "nice rack" reference was directed toward Ms. Worsham. Defendants suspect the blog posts are about this case; if their suspicion amounts to harassment the solution is for Defendant to not look at the forum. One cannot stick his hand in the fire and then complained he was burned.

### d. First Amendment

Without regard to the first three points, Plaintiff is simply exercising his First Amendment Right to Free Speech. There are very few limitations on free speech in the United States; Defendants have failed to allege any reasons that are sufficient to limit Plaintiff's right to discuss his case with his friends and acquaintances.

Coltfan1972 is a consumer crusader who colorfully reports the actions of creditors and collection agencies who violate the rights of consumers. This is a matter of public interest and it is well within Plaintiff's rights to blog about his experiences.

### IV. Defendant's Motivations

Defendant has not made any showing or given one example of Plaintiff interfering with the progression of this case. Plaintiff's online life is completely irrelevant to the administration of justice by this Court.

Defendant is frustrated that it violated the consumer protection statutes and the rights of Plaintiff and that Plaintiff was a sophisticated consumer; Defendant does not appreciate Plaintiff's arrogance. Arrogance is not sufficient grounds to sanction a party or dismiss a case.

Defendant's dislike of Plaintiff is understandable. No one likes to get caught doing something they shouldn't be doing. This dislike is not grounds to limit Plaintiff's free speech.

### V. Purpose of the Consumer Protection Statutes

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt

collectors." *Richmond v. Higgins*, 435 F.3d 825, 828 (8th Cir. 2006), and "[t]he FDCPA is a strict liability statute that is to be construed liberally in favor of the consumer to effect its purpose, *Picht v. John R. Hawks, Ltd.* 236 F.3d 446, 451 (8th Cir. 2001).

"The FDCPA enlists the efforts of sophisticated consumers….as "private attorneys general" to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson V Healthcare Financial Services,* 06-3417 (2nd Cir. 2008).

Lastly, "[n]o section of the FDCPA requires an inquiry into the worthiness of the debtor or purports to protect only deserving debtors. The FDCPA protects al consumers, from the gullible to the shrewd." *Bass v. Stolper, Koritzinsky, Brewster, & Neider, S.C*. 111 f. 3d 1322 (7th Cir. 1997).  "The focus is on the debt collectors conduct, not the consumer's." *Keele v. Wexler*, 149 F.3d 589 (7th Circ. 1998).

Defendant's attempts to disparage the reputation of Plaintiff in the eyes of the Court are obvious; the reputation of Plaintiff should not matter; the FDCPA applies a strict liability standard on debt collectors without regard to the consumer's worthiness of protection.

## VI.  Conclusion

For the foregoing reasons, the Court should deny Defendant's Motion to Dismiss and for an Order of Civility and award attorney's fees for the costs and time expended in responding to this motion, and for all other relief to which he has shown himself entitled.

Respectfully submitted,

Leigh Law LLC
Post Office Box 21514
Little Rock, Arkansas 72221
501.227.7627
v@leigh-law.com

                          By:_____/s/ Victoria Leigh_____

                         VICTORIA LEIGH (ABN 2011257)

## CERTIFICATE OF SERVICE

I, Victoria Leigh, do hereby certify that I have served a true and correct copy of the foregoing via first class mail this 26th day of April, 2013 to the following:

Mixon Law Firm  
Post Office Box 1442  
Jonesboro, Arkansas 72403        ___/s/ Victoria Leigh_____  
                                                Victoria Leigh