## Rebecca Worsham

| | |
|---|---|
| **From:** | vleigh7@gmail.com on behalf of Leigh Law [v@leigh-law.com] |
| **Sent:** | Monday, February 25, 2013 2:22 PM |
| **To:** | Rebecca Worsham |
| **Subject:** | Re: Scroggin v. Credit Bureau |

Rebecca - I talked to my client again. I'm copying and pasting what his response was, so you get the full effect of crazy. I think you think I'm the one that is encouraging my client to be unreasonable because I got mad a while ago.. I *was* annoyed and frustrated about not getting any response to my phone calls for those couple months, but I am over it. I get happy in the same pants I get mad in, generally. You are right, that we may end up with nothing. There's always a risk in depos and trial, but the risk is admittedly small in this particular case. I'm not saying I agree with his position 100%, but I have to advocate for him and more importantly do what he wants me to do. Despite his aggressive email, please notice that I got him down to $6500. Whether we can settle at that or not is irrelevant at this point. I deserve props for just getting him to counter at $6500. you gotta admit that! Or not. But you're not the one who's been dealing with him the past several months! I will get you those disclosures too. I thought I'd sent them, but I guess I didn't.

Listen here, you tell that little witch that we will take 6500.00 and that expires at 5:00 PM today. I was a claims adjuster for 12 years and the second this reaches 10K and ins takes over the insurance company will immediatley settle. On top of that I want a depo, I've already got people lined up to pay for the video and I'd crawl through 40 feet of snow to make it I have to. I'm not scared of a depo and surly not of a trial. I know the law, I know I'm right, I know what to say and not to say and if she thinks for one second she stands a chance going against me she has another thing coming. We will freaking steam roll them at trial. I got judge Moody to overrule himself on his own motion to reconsider because I was so confident when I was arguing the law to him. We will mop the floor with them. The Supreme Court of the US is on my side, the fee shifting means I win no matter what, and I'm not afraid of a freaking thing. In fact I'll tell her it's not if we win but just how much. And I'll get this over her client's deducible and I don't care if I get 1K at trial and you 80K in legal fees, we are not settling for anything less than 6500.00 and she can shove her threats up her ass and she better get ready. I beat naitional loan recoveries at trial and I stipulated I owed every dime they were asking for at the beginning of the trial. The other sides jaw dropped when I said not to them and then challenged their standing. I know what I'm doing and I'm going to kick their ass all over the courtroom. I don't care if you forward this message to her, I really don't. It's 6500.00 by 5:00 or shove it up her ass and get ready for the depo and trial. I know what the hell I'm doing and I'm going to win and I'm going to win by a landslide.


On Mon, Feb 25, 2013 at 12:08 PM, Rebecca Worsham <rworsham@mixonlawfirm.com> wrote:

Tori,


My client has no incentive to go over $5,000.00. This is double the amount of $2500.00. He only will agree to pay out $5,000.00 because he has not reached his deductible with his insurance yet. Your client can either take $5,000.00 or not. This case is not as clear cut as your client may believe. He may wind up with nothing.


On another note, I never did receive your client's Rule 26(a) Initial Disclosures. They were due on November 1st. I sent you my client's on Nov. 2nd. Please send them to me as soon as possible. I need them before Friday.


Thank you,

1

Exhibit 5-Page 1

Rebecca Worsham

Mixon Law Firm

Attorney at Law

P.O. Box 1442

Jonesboro, AR 72403

Phone (870) 935-8600

Fax (870) 935-8622

rworsham@mixonlawfirm.com

**CONFIDENTIALITY NOTICE:** The message (including all attachments) that follows is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, is CONFIDENTIAL and may also be protected by ATTORNEY-CLIENT or other PRIVILEGE. If you are not the intended recipient of this message, you are hereby notified that any retention, dissemination, distribution or copying of this communication is strictly prohibited. Please reply to the sender that you have received this message in error and then delete it. Thank you.

---

**From:** vleigh7@gmail.com [mailto:vleigh7@gmail.com] **On Behalf Of** Leigh Law
**Sent:** Monday, February 25, 2013 10:51 AM

**To:** Rebecca Worsham
**Subject:** Re: Scroggin v. Credit Bureau

I talked to him. He is sticking with $7,500 right now. I can't get him down to $5,000. I've told him I'll work with him on my fees so we can get this settled to his satisfaction, but, again, that doesn't hold much persuasive power because of the fee-shifting in the statute. I hate that we're going to all this work over what amounts to $2500. I could get him to $7000 MAYBE 6500. But I'm not going to waste what power I have talking him down if your client wont take it anyway. :(

2

Exhibit 5-Page 2

On Fri, Feb 22, 2013 at 11:38 AM, Rebecca Worsham <rworsham@mixonlawfirm.com> wrote:

If you told him somewhere b/w $4,000-$5000.00, I think we could get it settled. I know my client is not going to pay over $5,000.00.

On Fri, Feb 22, 2013 at 11:12 AM, Leigh Law <v@leigh-law.com> wrote:

Rebecca - I am not authorized to counter, unfortunately.. you know I would. I hate this case. But, he knows that we get attorney fees at trial if we win anything at all. So, even taking as true your argument that we'd only get 3000, then I get attorney's fees under the statutes. My attorneys fees right now are at 30 hours billed at 200 is $6000 dollars. If we do the depo it will go up by I figure at least 8-10 hours. That's much more than 7500. So he feels that 7500 is a good faith offer. He's compromising because he's taking less than what he feels he'd get in trial and it saves your client attorney's fees and time and effort. Plus, believe it or not, he wants to do the depo. So, he's also compromising by giving that up if we settle. It's crazy, but it's true. If he'd let me, I'd challenge your ability to even force him to come to a depo because it's past the discovery deadline. I don't want to drive to Jonesboro. But he won't let me do that, so I'm giving up a Saturday to drive to Jonesboro for this case. blah. How far apart are we? I think I could talk more persuasively to my guy if I knew that. Can't your client just put what they're gonna pay for a depo with the offer already out there and see if we can avoid it??

ps - goes without saying, but this and all our other settlement discussions, is covered by the offer to settle rule (408, I think) and is inadmissible.

On Fri, Feb 22, 2013 at 10:36 AM, Rebecca Worsham <rworsham@mixonlawfirm.com> wrote:

Yes we're set for the 2nd. If you want to make a counter on my offer of $2500.00 there is still room to negotiate.

---

**From:** vleigh7@gmail.com [mailto:vleigh7@gmail.com] **On Behalf Of** Leigh Law
**Sent:** Thursday, February 21, 2013 9:23 AM

**To:** Rebecca Worsham
**Subject:** Re: Scroggin v. Credit Bureau

We are for sure on the 2nd, then?

On Tue, Feb 19, 2013 at 4:26 PM, Rebecca Worsham <rworsham@mixonlawfirm.com> wrote:

That will work. Thanks.

**From:** vleigh7@gmail.com [mailto:vleigh7@gmail.com] **On Behalf Of** Leigh Law
**Sent:** Tuesday, February 19, 2013 1:56 PM

To: Rebecca Worsham
Subject: Re: Scroggin v. Credit Bureau

March 2. Let's say 10 since I'm driving up from Little Rock.

On Tue, Feb 19, 2013 at 10:48 AM, Rebecca Worsham <rworsham@mixonlawfirm.com> wrote:

Tori,

I can do this Saturday or next Saturday. I believe I could find a court reporter before this Saturday. It'll probably take 2-3 hours.

---

**From:** vleigh7@gmail.com [mailto:vleigh7@gmail.com] **On Behalf Of** Leigh Law
**Sent:** Tuesday, February 19, 2013 9:36 AM

To: Rebecca Worsham
Subject: Re: Scroggin v. Credit Bureau

As you well know, I'd prefer we settle and if we settle, I think we should do so before the depo to prevent legal fees from accruing, but he won't take $2500. He's right, the claim is worth more than that. What Saturday do you want to do the deposition? How long do you anticipate it will last?

On Fri, Feb 15, 2013 at 4:29 PM, Rebecca Worsham <rworsham@mixonlawfirm.com> wrote:

Tori,

Any word from your client regarding the settlement offer?

---

**From:** Rebecca Worsham [mailto:rworsham@mixonlawfirm.com]
**Sent:** Wednesday, February 13, 2013 1:36 PM
**To:** 'Leigh Law'
**Subject:** RE: Scroggin v. Credit Bureau

Tori,

4

Exhibit 5-Page 4

I apologize for your frustration, but I emailed you on November 3rd and stated that the parties were too far apart for us to make a counter-offer and that my client wished to proceed with the case. In this email, I asked for dates to take your client's deposition. I did not get a response. I emailed you again on November 30th regarding the deposition dates and I did not receive a response. I realize that may be because you talked with Donn. I was on leave from December 1-January 15.

In regards to your counter-offer of $7,500.00, my client has authorized me to counter with $2,500.00. This is a reasonable offer. Under the FDCPA, your client is not entitled to $1,000.00 per violation in statutory damages, but rather only $1,000.00 per lawsuit. I suspect that he may be entitled to up to $1,000.00 under the AFDCPA for statutory damages as well. However, this amount is not automatically guaranteed. Under both the FDCPA and AFDCPA, the fact finder is to look at frequency and persistence of the violations by the debt collector, the nature of the violations, and the extent to which the violations were intentional. I believe these factors favor our client. In any event, the highest possible amount of statutory damages concerning the alleged violations under both the FDCPA and AFDCPA would be $2,000.00

As far as actual damages, your client has alleged emotional distress caused by a third party knowing that he owed creditors. Your client voluntarily played a voicemail on speakerphone in front of a third party. I don't believe a jury would believe that action caused your client emotional harm. A jury could easily find that this lawsuit was brought by your client in bad faith and award our client its attorney's fees. It should not be disputed that your client went to the emergency room and received services from the original creditor. We also believe that if any violation was committed by our client, we are entitled to the claim that it was not intentional and was only a bona fide error.

Your client does not have a cause of action under the ACAA or ADTPA, nor has he pled a cause of action under the FCRA.

If necessary, I would be available to take the deposition on Saturday, February 23rd or on another Saturday. Just let me know as soon as you talk with your client.

Thanks, Rebecca

**From:** vleigh7@gmail.com [mailto:vleigh7@gmail.com] **On Behalf Of** Leigh Law

**Sent:** Wednesday, February 13, 2013 10:59 AM
**To:** Rebecca Worsham

**Subject:** Re: Scroggin v. Credit Bureau

Rebecca: I've never denied my client was unreasonable with the first offer I was authorized to make. But, I was up front with you about it. I asked you to work with me on this case. You were MIA for months. I understand you were pregnant, but even your boss wouldn't talk to me or work with me at all or even return my phone calls. It is VERY FRUSTRATING to deal with opposing counsel when there is no communication. I'm absolutely out of patience. I WANT to settle this case. I've been trying. I've got a better handle on my client now, but your offer of $1500 is also unreasonable. Brandon has a very strong case and the 8th circuit case law supports him. A reasonable resolution is $7500. We can get this off both our plates. You haven't done much work so I don't imagine your attorney's fees are much. But a deposition and trial will be costly. Not to mention time-consuming.

As far as the deposition - the 22nd doesn't work for him. My calendar is pretty full the next few weeks, particularly since I have to set aside a whole day because a depo requires me to drive to Jonesboro. Brandon wants you to depose him. He is a very sophisticated consumer and this isn't his first rodeo. He makes an excellent witness. The past few months he had an open schedule, but that was during the time that I could not get a return phone call from your office. Now you want to schedule something soon, but he's taken a new job and while in his probationary period he cannot take time off work. Finding a time that works for everyone will be difficult - maybe we should shoot for a Saturday deposition.

Tori

On Tue, Feb 12, 2013 at 4:08 PM, Rebecca Worsham <rworsham@mixonlawfirm.com> wrote:

Tori,

I've spoken with my client and he has authorized me to offer $1,500.00 to settle this matter. I still need a date for a deposition in case we do not settle.

Thank you,

Rebecca Worsham

Mixon Law Firm

Attorney at Law

P.O. Box 1442

6

Exhibit 5-Page 6

Jonesboro, AR 72403

Phone (870) 935-8600

Fax (870) 935-8622

rworsham@mixonlawfirm.com

CONFIDENTIALITY NOTICE: The message (including all attachments) that follows is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, is CONFIDENTIAL and may also be protected by ATTORNEY-CLIENT or other PRIVILEGE. If you are not the intended recipient of this message, you are hereby notified that any retention, dissemination, distribution or copying of this communication is strictly prohibited. Please reply to the sender that you have received this message in error and then delete it. Thank you.

--

**LEIGH LAW**

**ROARING TO THE RESCUE**

**VICTORIA LEIGH,** *ESQUIRE*

**501.227.ROAR** (OFFICE)

**501.492.6581** (OFFICE)

**501.658.3108** (CELL)

V@LEIGH-LAW.COM
LEIGH-LAW.COM

**MAILING ADDRESS:**

**POST OFFICE BOX 21514**

7

Exhibit 5-Page 7

## Rebecca Worsham

| | |
|---|---|
| **From:** | Rebecca Worsham [rworsham@mixonlawfirm.com] |
| **Sent:** | Friday, November 30, 2012 4:58 PM |
| **To:** | 'vleigh7@gmail.com'; 'v@leigh-law.com' |
| **Subject:** | Discovery Responses |
| **Attachments:** | Response to Requests for Admissions--Scroggin v. Credit Bureau.pdf; Answer to Interrogatories Response to Request for Production.pdf |

Tori,

I've attached my client's discovery responses. I still haven't had my baby yet. I think he is going to be overdue. I plan to back in the office in mid-January. We would like to schedule to take your client's deposition. Please send me some dates that you both would be available.

Thank you,

Rebecca Worsham
Mixon Law Firm
Attorney at Law
P.O. Box 1442
Jonesboro, AR 72403
Phone (870) 935-8600
Fax (870) 935-8622
rworsham@mixonlawfirm.com


**CONFIDENTIALITY NOTICE:** The message (including all attachments) that follows is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, is **CONFIDENTIAL** and may also be protected by **ATTORNEY-CLIENT** or other **PRIVILEGE.** If you are not the intended recipient of this message, you are hereby notified that any retention, dissemination, distribution or copying of this communication is strictly prohibited. Please reply to the sender that you have received this message in error and then delete it. Thank you.

## Rebecca Worsham

| | |
|---|---|
| **From:** | Rebecca Worsham [rworsham@mixonlawfirm.com] |
| **Sent:** | Friday, November 02, 2012 1:22 PM |
| **To:** | 'vleigh7@gmail.com'; 'v@leigh-law.com' |
| **Subject:** | Scroggin v. Credit Bureau of Jonesboro |
| **Attachments:** | Defendant's Initial Disclosures.pdf; ROR Ltr From ACE.pdf; Print Out of Events in Def. System.pdf; 5-8-12 Ltr Sent by Pl. to Def..pdf; Collection Ltrs Sent to Plaintiff.pdf; Documents sent from Pl. to Def..pdf; Voicemail to Scroggin.wav |

Tori,

I have attached our client's initial disclosures. I apologize for not getting back with you regarding your settlement offer. We are too far apart and my client directed to continue going forward with the suit. We would like to schedule a time to take your client's deposition. I will be going on maternity leave after Thanksgiving unless this baby decides to come sooner. If I'm not available to take the deposition, my partner Donn will be. Please send me some dates that would work for you and your client to take his deposition.

Thank you,

Rebecca Worsham
Mixon Law Firm
Attorney at Law
P.O. Box 1442
Jonesboro, AR 72403
Phone (870) 935-8600
Fax (870) 935-8622
rworsham@mixonlawfirm.com


**CONFIDENTIALITY NOTICE:** The message (including all attachments) that follows is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, is CONFIDENTIAL and may also be protected by ATTORNEY-CLIENT or other PRIVILEGE. If you are not the intended recipient of this message, you are hereby notified that any retention, dissemination, distribution or copying of this communication is strictly prohibited. Please reply to the sender that you have received this message in error and then delete it. Thank you.