IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

BRANDON SCROGGIN                                                      PLAINTIFF

CASE NO. 3:12-CV-00128-SWW

CREDIT BUREAU OF JONESBORO, INC.                            DEFENDANT

BRIEF IN SUPPORT OF DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS AND FOR AN ORDER OF CIVILITY

Plaintiff brought this lawsuit against Defendant based upon alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). The FDCPA prohibits harassing or oppressive conduct on the part of debt collectors. See 15 U.S.C. § 1692d. The intent of the FDCPA is to prevent abusive debt collection practices and to protect unsophisticated consumers from unscrupulous debt collection tactics. See 15 U.S.C. § 1692(a)-(e). The Act was not intended to enable plaintiffs to bring serial lawsuits against different debt collector defendants alleging various and often insignificant deviations from the Act's provisions. However, Plaintiff has chosen to use the Act as a tool to harass debt collectors and its counsel.

Plaintiff's First Amendment Rights

Defendant's proposed restrictions to be placed upon Plaintiff's online posting activities do not violate his First Amendment rights. Defendant has not requested an outright ban on Plaintiff's online postings, but rather that his postings be monitored by his attorney and in accordance with the civility order. Defendant's most restrictive request is that "Plaintiff not make any posts of a sexual or prurient nature that demean opposing

counsel or the parties or violate the Oath or the Arkansas Rules of Professional Conduct." Doc. 18. Based on Plaintiff's conduct, these restrictions are certainly reasonable.

Plaintiff incorrectly asserts that the First Amendment gives him the right to make prurient posts about opposing counsel during the course of litigation. See Exhibit 4, and Doc. 22, 23. Plaintiff's speech concerning the attractiveness or prurient observations of opposing counsel does not lie at the core of First Amendment protection. First, Plaintiff's offending speech is not political and not a matter of public concern. Second, case law shows the concept of civility in litigation is a reasonable limit to some conduct that is may be protected by the First Amendment.[1] Lastly, Defendant's proposed restrictions on Plaintiff's postings are reasonable.

Plaintiff seems to argue that since his comments were made "anonymously" under the pseudonym "Coltfan1972" that the statements would not constitute as being directed towards opposing counsel. Plaintiff even claims that Defendant has not presented any proof that Plaintiff was discussing opposing counsel or this lawsuit in his posts. However, Plaintiff fails to recognize that it was he that emailed opposing counsel a direct link to the "topic" where he discussed opposing counsel in a sexual manner. Doc. 18-4. In addition, Plaintiff later emailed opposing counsel a statement in the form of an affidavit in which he admits to writing all of the posts contained in Defendant's original motion. Exhibit 4, page 4, ¶ 34.

In the affidavit, Plaintiff openly admits that he wanted the deposition to be a legal train wreck and that he planned some "First Amendment one liners." Id. at ¶ 37. He was disappointed that he was unable to make the deposition a train wreck because he wanted the

---

[1] See <u>Gentile v. State Bar of Nevada</u>, 501 U.S. 1030 (1991).

video to go viral. Id. at page 10, ¶107. Plaintiff also explains what he meant by the context of those sexual one-liners. Id. pages 4-5, ¶ 38-42. In explaining the "I'd hit it" emoticon, Plaintiff writes:

> I posted an emoticon that has the immature emoticon holding a sign that says I'd hit it (an immature reference to having consensual sex with another person) I posted that in response to the posters question about Ms. Worsham's appearance right after I said she had a nice rack. The reason I said I'd hit it was because I would.

Id. at ¶46. This is apparently "the way [Plaintiff] talk[s] when [he's] not in the courtroom." Id. at ¶42. This type of litigant speech should not be given any protection in the course of a lawsuit.

<u>Plaintiff has continued to engage in uncivil conduct.</u>

In the affidavit, Plaintiff calls Defendant and its counsel "losers" and states that they are "stupid." Id. at page 6, ¶53; page 11, ¶118. Plaintiff attempts to deflect some of his statements as being puffery and "playing an online character." Exhibit 4, page 10, ¶109. However, there is no distinction between Plaintiff and Coltfan1972. They are the same person. Plaintiff admits that he advises others to run up the other side's legal bills, be a complete nightmare and turn the case into a circus. Id. at page 3, ¶24. Plaintiff goes on to state:

> I also advise others to be a nightmare in the context of staying within the rules and the law. Again I am practicing what I preach. I truly hope that I am a complete nightmare to the Defendant and anytime they ever think about violating the FDCPA they remember me and they remember this experience as a complete nightmare.

Id. at ¶ 27.

Plaintiff argues that Ms. Worsham's pregnancy is the reason this case has taken longer than normal. However, based upon Plaintiff's statements in his affidavit concerning the scheduling the deposition, it appears that there was some sort of miscommunication between Plaintiff and his counsel. As stated earlier, Defendant's counsel requested dates from Plaintiff's counsel to depose Plaintiff on November 2, 2012, and on November 30, 2012. See Exhibit 5. It was Plaintiff's counsel that did not respond to the requests until after Defendant's counsel went on maternity leave. A few days prior to the deposition, the parties engaged in settlement discussions. With Plaintiff's permission, his counsel sent Defendant's counsel the following excerpt of an email by Plaintiff concerning settlement:

> Listen here, you tell that little witch that we will take 6500.00 and that expires at 5:00 PM today.  I was a claims adjuster for 12 years and the second this reaches 10K and ins takes over the insurance company will immediatley settle. On top of that I want a depo, I've already got people lined up to pay for the video and I'd crawl through 40 feet of snow to make it I have to.   I'm not scared of a depo and surly not of a trial.  I know the law, I know I'm right, I know what to say and not to say and if she thinks for one second she stands a chance going against me she has another thing coming.  We will freaking steam roll them at trial.  I got judge Moody to overrule himself on his own motion to reconsider because I was so confident when I was arguing the law to him.  We will mop the floor with them.  The Supreme Court of the US is on my side, the fee shifting means I win no matter what, and I'm not afraid of a freaking thing.  In fact I'll tell her it's not if we win but just how much.  And I'll get this over her client's deducible and I don't care if I get 1K at trial and you 80K in legal fees, we are not settling for anything less than 6500.00 and she can shove her threats up her ass and she better get ready.  I beat naitional loan recoveries at trial and I stipulated I owed every dime they were asking for at the beginning of the trial.   The other sides jaw dropped when I said not to them and then challenged their standing. I know what I'm doing and I'm going to kick their ass all over the courtroom.  I don't care if you forward this message to her, I really don't.   It's 6500.00 by 5:00 or shove it up her ass and get ready for the depo and trial.  I know what the hell I'm doing and I'm going to win and I'm going to win by a landslide.

See Exhibit 5. Plaintiff's email to counsel shows that he wanted his deposition to be taken so that he could make a video, desired to drive up Defendant's legal fees, and that he did not suffer any actual damages by Defendant's alleged illegal conduct.  A person that suffers actual damages would care if they get compensated for their loss.

Plaintiff's Recent Conduct

Plaintiff sent opposing counsel nine (9) emails after Defendant filed its original motion. Plaintiff's communications further show that he lacks civility and does not take the litigation process seriously. For example on April 10, 2013, Plaintiff sent Defendant's counsel an email containing a picture of an overweight, shirtless male, which Plaintiff implied was his uncle and that he wanted to come to court. See Exhibit 3, page 2. On April 12, 2013, Plaintiff sent opposing counsel an email to a link of a Larry Flynt deposition and states "hope you both have a good and offensive free weekend. Watch out for those drivers flipping the bird. They can really hurt feelings. There should be some driver's civility oath like implied consent." Id. page 3. Defendant nor its counsel were amused.

On April 15, 2013, Plaintiff sent another email to Defendant's counsel stating that he would agree to abide by the "Oath" if Defendant's counsel would agree to pay him for his time in acting and assisting as an attorney. Id. page 6. Defendant's counsel did not respond to Plaintiff's request. This led to Plaintiff sending another email claiming that Defendant's counsel had "failed miserably" in attempting to intimidate him by asking for a hearing, and that Plaintiff would need a court order to be kept out of the courtroom. Id. page 7. Plaintiff does not seem to grasp that Defendant's counsel should not have to pay a litigant to proceed through the course of litigation with civility and common decency.

Plaintiff is a serial litigant that has taken things too far and he does not apologize for it. Given Plaintiff's experience with the litigation process, there is absolutely no excuse for his behavior. Initiating a lawsuit does not give Plaintiff a license to say or do whatever he wants to the opposing party or its counsel.

Plaintiff's conduct has interfered with the progression of this case. His incivility throughout the course of this litigation has wasted judicial resources and increased transaction costs.  As Plaintiff's brief points out, he is a "big fish" in the pro se consumer protection world and that he has a significant following. Therefore, Plaintiff's conduct is also likely to  interfere with the progression of many cases across the country because Plaintiff encourages litigants to engage in his "Rambo litigation" tactics.

The Court cannot allow its judicial process to be misused by Plaintiff to insult and harass those persons which have to come into contact with him during litigation. Requiring Plaintiff and other litigants similar to him to observe the principles and standards in the Attorney's Oath and Arkansas Rules of Professional Conduct will help protect the judicial system from such abuse by holding litigants accountable for their actions.

This Court has the authority and the duty to prevent the misuse and abuse of the judicial system.

> [A]busive litigation results in prolonged, repetitive harassment of defendants causing frustration and often extraordinary and unreasonable expenditures of time and money defending against unfounded claims. Defendants have a right to be free from harassing, abusive, and meritless litigation. Defendants have a right to be free from harassing, abusive, and meritless litigation. Federal courts have a clear obligation to exercise their authority to protect litigants from such behavior.

See <u>In re Billy Roy Tyler,</u> 839 F. 2d 1290, 1293 (8th Cir. 1988), citing <u>People of the State of Colorado v. Carter,</u> 678 F.Supp. 1484, 1486 (D.Colo. 1986) (citations omitted). This Court has the inherent authority to regulate a litigant's conduct during the course of litigation. Therefore, if this action is not dismissed, Plaintiff at the very least should be order to conform his conduct during litigation to the same standards of decency and respect that attorneys must observe.

For the foregoing reasons, this Court should dismiss Plaintiff's Complaint; enter the proposed Order of Civility; and grant all other available and just relief.


Respectfully Submitted,

MIXON LAW FIRM
Attorneys for Defendants
P.O. Box 1442
Jonesboro, Arkansas 72403
870.935.8600; 870.935.8622 (fax)

By:_____/s/ Donn Mixon_____
   Donn Mixon 76079
   dmixon@mixonlawfirm.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing pleading was electronically filed with the Clerk of Court on May 3, 2013, using CM/ECF system, which shall send notification of the filing to the following:

Victoria Leigh
Leigh Law LLC
P.O. Box 21514
Little Rock, Arkansas 72221
501-658-3108
v@leigh-law.com

/s/ Donn Mixon
Donn Mixon
