UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**BRANDON SCROGGIN**                                                                  **PLAINTIFF**

**VS.**                                     **3:12-CV00128-SWW**

**CREDIT BUREAU OF JONESBORO, INC.**                                **DEFENDANT**

## DEFENDANT'S REPLY IN OPPOSITION TO DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND FOR AN ORDER OF CIVILITY

Comes now Brandon Scroggin, by and through his attorney, Leigh Law LLC, with his Reply in Opposition to Defendant's Reply in Support of Its Motion to Dismiss and for an Order of Civility and states:

1. Plaintiff's counsel is not alleging that Defendant's counsel did not *request* to depose Plaintiff after the Discovery deadline. Plaintiff's counsel *did* request to depose the Plaintiff prior to the Discovery deadline. While Plaintiff did not respond via email on the specific dates as alleged by Defendant, Plaintiff's counsel did telephone the offices of Defendant's counsel numerous times in an effort to schedule the deposition. These phone calls went unreturned for months, culminating in Plaintiff's counsel faxing a letter to Defendant's counsel threatening to involve the Court, see attached Exhibit A.

2. Defendant's attachment of the emails between Plaintiff's counsel and Defendant's counsel serve no purpose except to attempt to persuade the Court to view Plaintiff's counsel in a poor light for her comments about her client. Those emails were in the context of settlement negotiations and should never have been filed or brought before the Court. Plaintiff was aware of and in agreement with the posturing of Plaintiff's counsel throughout the settlement negotiation

process.

3. There is more than one attorney employed by Defendant's counsel; surely one of the other attorneys were qualified to depose the Plaintiff. Plaintiff's counsel finds it difficult to believe that all of Ms. Worsham's case work sat idle until her return from maternity leave. This is irrelevant to the issue in dispute; the point was only that Plaintiff was cooperative in completing the deposition when he did not have to be.

4. Plaintiff was banned from the CIC website. Plaintiff's handle "Coltfan1972" was banned and shortly thereafter was reinstated due to the uproar from the CIC posting community. Regardless, whether Plaintiff was banned, nor the duration of the ban, is relevant to this matter because CIC is a private website and may ban or unban participants without regard to the poster's civil rights or freedom of speech.

5. Plaintiff did email defense counsel after the filing of the original Motion for an Order of Civility. This occurred between the filing of the motion and Plaintiff's counsel reviewing the motion. Once Plaintiff's counsel realized what was happening and forbade Plaintiff from further contact with Defendant's counsel the conduct ceased. While Plaintiff may be a bit of a hot-head, he has given his counsel his word that he will not, under any circumstances, contact Defendant's counsel again. Defendant's Counsel has not alleged that Plaintiff has contacted them after he was instructed and agreed to cease the communications by his attorney.

6. Contrary to Defendant's counsel's assertions, Plaintiff's emails do not indicate Plaintiff is solely continuing this action to harass Defendant.

7. Plaintiff's emails were admittedly immature and intended to push the buttons of Ms. Worsham; however, the emails contain no profanity nor do they threaten physical harm to Defendant or Defendant's counsel.

8. Defendant's counsel references Plaintiff's *pro se* affidavit. Initially it was not included because of its length; due to Defendant's counsel disregarding the context of the affidavit as a whole, it is attached as Exhibit B.

9. Defendant's argument that Plaintiff's posts are not protected by the first amendment; again, Defendant's dislike of the content of Plaintiff's posts does not make the posts fit into the narrow First Amendment exceptions.

10. Defendant argues the appearance of Defendant's counsel is not a matter of public concern; Plaintiff's comments about Defendant's counsel's appearance was in fact in response to another poster's inquiry. At least one member of the public is concerned about Defendant's counsel's appearance. Further, Ms. Worsham has a public Google Plus profile and has public images on her Facebook profile; it appears she is not concerned with public assessment of her appearance. She is concerned only with Plaintiff's anonymous assessment of her appearance to a third party. The CIC community does not know the name of the attorney about whom Plaintiff was commenting.

11. Plaintiff has never encouraged others to mock the litigation process or to act in any manner which would offend the judicial system when in Court. Plaintiff himself has been in Court and has never been sanctioned or cited for not following proper courtroom discussion. Lawsuits are inherently a contentious process; Plaintiff's expressing dislike for Defendant and even Defendant's attorneys in an anonymous online forum does not mock the judicial system; the opposite is true; Plaintiff was mocking Defendant and is using the judicial system and federal statutes exactly as they were intended.

12. Defendant reiterates Plaintiff's violation of the attorney's oath. Plaintiff is not an attorney; the oath does not bind Plaintiff because he has not taken the oath.

13. Despite the fact Plaintiff is not bound by the attorney's oath, he has given his word he will not contact Defendant's counsel again. Plaintiff understands the serious consequences the Court could impose if he fails to keep his word.

14. Plaintiff restates and reiterates all arguments made in Plaintiff's original Response to Defendant's Motion to Dismiss and for an Order of Civility.

WHEREFORE, Plaintiff prays that the Court deny Defendant's Motion to Dismiss and for an Order of Civility for all other relief to which he's properly entitled.

Plaintiff relies on the following attachments that are submitted in conjunction with this Reply and accompany Brief:

A. Plaintiff's counsel's fax to Defendant's counsel;
B. Plaintiff's *pro se* affidavit.

Respectfully submitted,

Leigh Law LLC
Post Office Box 21514
Little Rock, Arkansas 72221
501.227.7627
v@leigh-law.com

By:       /s/ Victoria Leigh

VICTORIA LEIGH

## CERTIFICATE OF SERVICE

I, Victoria Leigh, do hereby certify that I have filed the above with the electronic filing system and the following will be served via email this 10th day of May, 2013:

Mixon Law Firm - Rebecca Worsham
Post Office Box 1442
Jonesboro, Arkansas 72403          __/s/ Victoria Leigh_____
                                              Victoria Leigh