UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**BRANDON SCROGGIN**                                                                      **PLAINTIFF**

**VS.**                      **3:12-CV00128-SWW**

**CREDIT BUREAU OF JONESBORO, INC.**                       **DEFENDANT**

**DEFENDANT'S REPLY IN OPPOSITION TO DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND FOR AN ORDER OF CIVILITY**

**I.     Introduction**

Plaintiff brought this action for alleged violations of the *Fair Debt Collections Practices Act* §15 US. C. 1692 *et seq* (hereinafter "FDCPA"), *Arkansas Fair Debt Collections Practice Act*, A.C.A. §17-24-501 *et seq* (hereinafter "AFDCPA"), *Arkansas Collection Agency Act*, A.C.A. §17-24-101 *et seq* (hereinafter "ACAA"), and the *Arkansas Deceptive Trade Practices Act*, A.C.A. §4-88-101 *et seq* (hereinafter "ADTPA").

**II.     Argument**

**A.  Intent of the FDCPA**

The intent of the FDCPA is to prohibit abusive debt collection practices against any consumer, no matter the sophistication. The FDCPA is a strict liability statute and is to be liberally construed in favor of consumers to effect its purpose, ***See, Ficht v. Jon R. Hawks, Ltd.*, 236 F3d 446, 451 (8th Cir. 2001)**. The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, and debt collectors are liable for failure to comply with any provision of the Act." *See Richmond v. Higgins*, **435 F3d 825, 828 (8th Cir. 2006)**.

The Courts are clear that the FDCPA covers all consumers: "[n]o section of the FDCPA requires an inquiry into the worthiness of the debtor or purports to protect only deserving debtors. The FDCPA protects all consumers, from the gullible to the shrewd." *See, Bass v. Stolper, Koritzinsky, Brewster & Neider. S.C.*, 111 F3d 1322 (7th Cir. 1997).

Defendants can cite no authority, 8th Circuit or otherwise, that supports their contention that FDCPA protections are only available to unsophisticated consumers. The opposite is true: "[i]gnoring the carefully chosen language and policies of the FDCPA, which Congress spent a great deal of time and effort drafting and enacting, would frustrate Congressional will and authority." *See. Heintz v. Jenkins*, 115. S.Ct. 1489 (1995); *Frev v. Gangwish,* 970 F2d 1516 (6th Cir. 1992). The FDCPA is "an extraordinarily broad statute" and must be enforced "as Congress has written it." *See, Hamilton v. United Healthcare of Louisiana. Inc.*, 310 F.3d 385 (5th Cir. 2002). Plaintiff has never stated or implied that he is an unsophisticated consumer because his level of sophistication is irrelevant.

In the 8th Circuit cases, the Court uses the term "violation" or "illegal conduct," not "deviations." The Defendant's use of the term "deviation" is misleading.  Defendant erroneously argues that the FDCPA was not intended to allow Plaintiffs to bring several lawsuits against different debt collectors alleging various and often insignificant "deviations" from the Act's provisions.  In *Jacobson v. Healthcare Financial Services,* 2nd Cir, 06-3417, 2008, the Court states "[t]he FDCPA enlists the efforts of sophisticated consumers ....as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." The Act is primarily self-enforcing by consumers through the private attorneys general mechanism. *See, West v. Costen*, 558 F. Supp. 564 (W.D. Va 1983)("The FDCPA ... is

**'primarily self-enforcing' ... through private causes of action.''**) Because Congress chose a 'private attorney general' approach to enforcement, the award of fees is mandatory in an FDCPA case. *See, Carroll v. Wolpoff & Abramson,* **53 F.3d. 626 (4th Cir. 1995);** *Tolentino v. Friedman,* **46 F.3d. 645 7th Cir.), cert. denied 515 U.S. 160 (1995).**

   B.  **Standard**

Courts use the "least sophisticated consumer" standard when analyzing FDCPA claims; whether conduct violates the FDCPA is determined by analyzing the conduct from the perspective of the least sophisticated consumer. *See, Duffy v. Landberg,* **215 F.3d. 871, 873 (8th Cir. 2000);** *Peters v. General Service Bureau, Inc.,* **277 F.3d. 1051, 1055 (8th Cir. 2002);** *Freyermuth v. Credit Bureau Servs., Inc.,* **248 F.3d. 767, 771 (8th Cir. 2001)** (quoting *Duffy v. Landberg, supra;* **and,** *Strand v. Diversified Collection Serv., Inc.,* **380 F.3d. 316, 317-8 (8th Cir. 2004).**

A single violation of the Act triggers statutory liability and remedies. *See, Morgan v Credit Adjustment Board, Inc., 999 . Supp. 803 (E.D. Va. 1998);* **Clomon v. Jackson, 988 F.2d 1314 (2nd Cir. 1993).** Statutory damages are available even in absence of actual damages. *See, Baker v. G. C. Services Corp.,* **677 F.2d. 775 (9th Cir. 1982);** *Keele V. Wexler,* **149 F. 3d. 589 (7th Cir. 1998).** Courts have consistently interpreted the FDCPA to confer standing on plaintiffs who have suffered no actual harm, allowing them to sue for statutory violations**.** *See Jacobson v. Healthcare Fin. Servs.,* **516 F.3d. 85, 96 (2nd Cir. 2008).** The FDCPA permits and encourages parties who have suffered no loss to bring civil actions for statutory violations. *See, Miller v. Wolpolf & Abramson, L.L.P.* **321 F.3d. 292, 307 (2nd Cir. 2003).**

The Plaintiff has standing to sue for these violations, even though the Defendant argues Plaintiff suffered no actual damages and is suing for minor violations, and Plaintiff is acting within the legislative intent.   Defendant is arguing contrary to years of Circuit Court and Supreme Court

precedent.

### C. First Amendment

The Defendant's request that the Court restrict Plaintiff's posts is in violation of the First Amendment. The Plaintiff is an individual posting on a public message board regarding his experiences and his right to do so is protected by the First Amendment. No exception applies in this situation because Plaintiff has not threatened to harm any agent or attorney of Defendant. Defendant is essentially requesting a gag order, which raises First Amendment concerns, *See United States v. Brown,* **218 F.3d. 415, 424-25 (5th Cir. 2000).** "District courts may restrict extrajudicial statements by parties and counsel only if those comments present a 'reasonable likelihood' of prejudicing a fair trial. **See, Am. Science & Eng'g. Inc. v. Autoclear, LLC, 606 F.Supp.2d 617, 625-26 (E.D. Va.2008).** This matter is set for a bench trial; the only reason Plaintiff's comments may influence the trial is due to Defendant's bringing these posts to the attention of the Court.

These posts were anonymous; no party was ever identified. The inclusion of the posts and emails of Plaintiff and Plaintiff's counsel are made to distract the Court from the merits of the case.

### D. Plaintiff's Refusal to Settle

Defendant includes emails which were written in the context of settlement negotiations, but since they are now a matter of public record, the Court should note the parties were only $1000 apart. Defendant attempts to paint Plaintiff as unreasonable for refusing to come down on his offer of settlement, but the reverse is equally true – Defendant refused to come up on its offer.

Defendant is attempting to take a stand against a sophisticated consumer because Defendant does not like Plaintiff's arrogance. Defendant does not dispute the facts of this case. The Defendant's own admissions show they violated the FDCPA. Plaintiff sent a cease

communications letter and the Defendant admits to continuing to call and write the Plaintiff. The facts are clear cut and undisputed.

Plaintiff attempted to settle prior to the filing of this lawsuit and after the filing sent one routine round of discovery. Plaintiff has not unnecessarily increased Defendant's legal costs. In fact, the Defendant has needlessly increased the costs of this litigation: Defendant has violated the FDCPA and Defendant created this flurry of motions and briefs, and Defendant requested a hearing.

### E.  Personal Attacks Against Plaintiff's Character

Defendant spends a great deal of space attempting to paint Plaintiff as somebody that does not respect the legal system and only files frivolous lawsuits. The Court is invited to review the other federal lawsuit the Plaintiff filed pro-se. The case is 3:2012-cv-00088 and assigned to Judge Wilson.  In that case, plaintiff sued an out of state collection agency for not being licensed by the Arkansas State Board of Collection Agencies and who was operating illegally in the state of Arkansas. The Plaintiff does not see this as a "minor deviation" of the act, but a willful and illegal act that is forbidden by state and federal law.

Also, the Court is invited to review the state court action filed by the Plaintiff, again, pro-se. The case is 60-CV-08-474 filed in Pulaski County Circuit Court and assigned to Judge Moody. The Plaintiff, again, sued an out of state collection agency that was operating in the state of Arkansas without a license from the Arkansas State Board of Collection Agencies. The action filed by the Plaintiff in Pulaski County was part of a story that ran in the New York Times in April of 2010 called "A Debt Collectors Worst Nightmare."

Defendant's personal attacks should fall on deaf ears; upon information and belief, Plaintiff has never lost a case he has filed or defended, never been cited for contempt of court, or even cautioned

or warned. His pleadings are a matter of public record and even a quick review of the cases are more than enough to show that Plaintiff is a very knowledgeable consumer and knows how to act and conduct himself with proper courtroom decorum. Plaintiff and his friends are playing characters online, using puffery and are over the top arrogant and cocky, to maintain their reputations; but, the Court will see, Plaintiff is a completely different person inside a courtroom and has nothing but the deepest respect for the judicial system.

### F. The Court's Inherent Authority

It is well-settled, the Court has inherent authority to control the conduct of the parties. Defendant cites a case which is distinguishable from this case – a prisoner filing hundreds of frivolous lawsuits is certainly distinguishable from Plaintiff filing and winning lawsuits against harassing debt collectors.

Plaintiff simply asks the Court to use its inherent power as a last resort; there is no need in this case as Plaintiff has kept his word to his counsel and to the Court.

### III.   Conclusion

Dismissing this case is an extraordinary and unnecessary step for the Court to take at this juncture. Plaintiff has litigated in good faith. Plaintiff has not wasted judicial resources – the scheduling order has been complied with and no extension of the trial date was requested; the Court was not involved any more in this lawsuit than any other lawsuit until Defendant filed its Motion for Civility. Plaintiff has not interfered with the progression of this case –Discovery was completed and settlement negotiations were attempted and the parties are on track for the trial in July.

In short, Defendant is simply mad because it violated federal law and Plaintiff is holding them, rather boisterously, to the fire for their violations.

Respectfully submitted,

Leigh Law LLC
Post Office Box 21514
Little Rock, Arkansas 72221
501.227.7627
v@leigh-law.com

By:_____/s/ Victoria Leigh_____

VICTORIA LEIGH

**CERTIFICATE OF SERVICE**

I, Victoria Leigh, do hereby certify that I have filed the above with the electronic filing system and the following will be served via email this 10th day of May, 2013:

Mixon Law Firm - Rebecca Worsham
Post Office Box 1442
Jonesboro, Arkansas 72403     __/s/ Victoria Leigh_____
                                               Victoria Leigh