IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| BRANDON SCROGGIN, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 3:12-cv-00128-SWW |
| | * | |
| | * | |
| CREDIT BUREAU OF JONESBORO, INC., | * | |
| | * | |
| | * | |
| Defendant. | * | |

ORDER

Plaintiff Brandon Scroggin brings this action against defendant Credit Bureau of Jonesboro, Inc., alleging violations of the Fair Debt Collections Practices Act (FDPCA), § 15 U.S.C. 1692 *et seq.*, the Arkansas Fair Debt Collection Practices Act (AFDCPA), Ark. Code Ann. § 17-24-501 *et seq.*, the Arkansas Collection Agency Act (ACAA), § 17-24-101 *et seq.*, and the Arkansas Deceptive Trade Practices Act (ADTPA), Ark. Code Ann. § 4-88-101 *et seq*. Plaintiff has demanded a jury trial.[1]

Before the Court is a motion [doc.#18] of defendant to dismiss and for an order of civility [doc.#18]. Plaintiff has responded in opposition to defendant's

---

[1] Ordinarily, in a FDCPA claim, whether conduct harasses, oppresses, or abuses will be a question for the jury. *Pace v. Portfolio Recovery Associates, LLC*, 872 F.Supp.2d 861, 864 (W.D. Mo. 2012).

motion, defendant has filed a reply to plaintiff's response, and plaintiff has filed a sur-reply to defendant's reply.  Having considered the matter, the Court denies defendant's motion to dismiss and for an order of civility.[2]

Defendant seeks dismissal of this action on grounds that plaintiff has posted comments on a website offering advice to consumers concerning creditors and debtors that show plaintiff plans on demeaning the process.  For example, regarding plaintiff's deposition, plaintiff posted the following:

> I'm forcing them into a Saturday deposition because their time is running out and now their available dates don't work with my busy schedule...now they will do things on my schedule and I can promise you it will be a full blown three ring circus when that Deposition get[s] rolling.

Plaintiff later wrote that he chose a "Saturday morning because I was too busy during the week doing nothing."  As other examples, plaintiff posted the following:

> I want to thank all for the well wishes and while I will turn this into a circus I still will make sure to concentrate on making sure I don't say anything that hurts my case.

> I have not been this excited in at least 20 years…All of the things I've been waiting to say and do, I'm getting ready to have the opportunity. I don't even care if I damage my emotional distress and I just have to rely on statutory and state damages plus costs. This is going to be a

---

[2] Defendant requested a hearing on its motion but the Court finds that defendant's motion can be resolved without a hearing.

great day and you will all be there in spirit and I will know it. I will not let you guys down. I can't ever see being in this position again and I really don't think I'll get a trial out of this so I'm going to make it one for the ages. I will cash every check I've been writing and I won't back down and I won't be intimidated. I'm usually the one giving the encouragement and telling others what they need to do and say.

I can promise you friends, tomorrow will be a special day for ALL of us.

Following the deposition, plaintiff posted the following:

She [defendant's counsel] asked every question 10 different times 10 different ways and at one point leaned forward with this you are so full of crap look on her face. I just hammered her and basically went word for word what I said. I even said I have different levels of emotional distress and that I was also suing for just plain old pissing me off.

I did everything but call them stupid for not settling at my demands because we were just a few grand apart. I wanted her to know that out of all the people in the country they could have chosen to take a stand against they drew the one person in the whole country that was having the time of their life, and on a Saturday morning because I was too busy during the week doing nothing.

I wanted her to be real clear that the depo might have been scheduled as an intimidation tactic, but that plan, just two minutes in, had failed miserably and the next three hours were going to be a total nightmare.[3]

*   *   *

I am just saying please take this to trial, but I'm trying to make them

---

[3] Defendant notes that "[u]nfortunately for Plaintiff, Defendant's counsel did not let the deposition turn into a circus."

throw caution to the wind and say we will show this guy.

However, I know how to act in court and I can play the role of the beat down consumer just as I can the arrogant come at me pro litigator.

And let's don't forget, they have offered a very nice chunk of change to settle this. I'm the one continuing this circus. They have offered 6K for a letter and a phone call. I'm calling the shots and they hate it. They thought some dumb hick would jump at 1,500 (first offer) and then are shocked when I won't take the big bucks. Screw em, we're going to trial.

* * *

Plaintiff also posted vulgar and prurient comments concerning opposing counsel.  For example, plaintiff posted the following directed at opposing counsel:

> **Well F U and up yours !!!!!!** I know you're reading this thread because I gave it to you in the depo and then emailed it to you later in the day because you could not even spell the website right. So walk into that federal courtroom with me and get ready for the biggest ever. You're losers and you lost the minute I walked into that courthouse in June, laid 350 bucks on the counter and told that nice court clerk, 'stamp this SOB sister, I'm suing these bastards.'

Defendant argues that plaintiff is not using the law's procedures for legitimate purposes but is simply continuing this lawsuit for entertainment and harassment purposes.  Defendant argues that plaintiff's conduct in making prurient postings and other postings designed to be abusive is in direct violation of the ethical standards governing attorneys and warrants dismissal of this action.

Plaintiff is not an attorney but is a citizen posting on a public message board,

4

albeit at times in an odious manner.[4] The Court will not dismiss this action based on plaintiff's posts and will not prohibit plaintiff from commenting on this action given the existence of valid First Amendment concerns. The Court does inform plaintiff, however, that all the posts identified by defendant in its motion to dismiss and for order of civility (and any future similar posts identified by defendant) will be admitted into evidence under Fed.R.Evid. 801(d)(2) with the exception of references to offers of settlement, which the court will likely redact. Accordingly, the jury will have benefit of plaintiff's posts in its consideration of this action.

The Court has discretion to sanction any actions of incivility or vulgarity that take place before the court.

IT IS SO ORDERED this 15th day of May 2013.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff filed this action *pro se* but an attorney latter entered an appearance on his behalf.