UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**BRANDON SCROGGIN**                                                                                   **PLAINTIFF**

**VS.**                                   **3:12-CV00128-SWW**

**CREDIT BUREAU OF JONESBORO, INC.**                                          **DEFENDANT**

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE

**I.     Introduction**

Plaintiff brought this action for alleged violations of the *Fair Debt Collections Practices Act* §15 US. C. 1692 *et seq* (hereinafter "FDCPA"), *Arkansas Fair Debt Collections Practice Act*, A.C.A. §17-24-501 *et seq* (hereinafter "AFDCPA"), *Arkansas Collection Agency Act*, A.C.A. §17-24-101 *et seq* (hereinafter "ACAA"), and the *Arkansas Deceptive Trade Practices Act,* A.C.A. §4-88-101 *et seq* (hereinafter "ADTPA").

**II.     Standard for Review**

Motions in Limine prior to voir dire examination of the jury panel are common practice in Arkansas. The authority for Motions in Limine lies solely in the inherent power of the trial judge to admit or exclude evidence.

**III.     Facts**

Upon information and belief, Defendant's counsel intends to discuss Plaintiff's criminal history because there has been incorrect information posted on the message boards, which if the Court remembers, were a hot topic in this case two months ago, about Plaintiff's felony criminal history. Plaintiff does not have a felony criminal history.

Plaintiff was arrested on August 20, 2010 in Faulkner County on charges of "DWI,"

"Refusal to Submit," "Fleeing," "Felony Aggravated Animal Cruelty," "Driving on a Suspended License," "Littering," "Reckless Driving," "Following too Close," and "Resisting Arrest." Case number: CR-10-976-20.

Plaintiff pled guilty to "DWI" and an unclassified misdemeanor of animal neglect for allowing the dog to ride in the truck. All other charges were dropped. Plaintiff paid $500.00 fine plus court costs and a $496.00 veterinarian bill. Plaintiff was not placed on probation or ordered to community service.

Plaintiff has not had any other DWI incidents since that time.

## IV.     Argument

### A. Standard for Excluding Evidence

Federal Rule of Evidence 401 provides the test for relevancy of evidence:

> Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.

Federal Rule of Evidence 403 provides even relevant evidence may be excluded on the grounds of prejudice and confusion:

> Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.

### B. Plaintiff's Criminal History is irrelevant under FRE 401

Plaintiff's criminal history has no tendency to make any fact of Defendant's violation of consumer protection statutes more or less probable. Further Plaintiff's criminal history is of no consequence in determining whether Defendant's actions violated any consumer protection statutes.

### C. Plaintiff's Criminal History is prejudicial under FRE 403

Even if the Court determines Plaintiff's criminal history is somehow relevant under the FRE 401 relevancy test, Plaintiff's criminal history should be excluded under the standard set forth in FRE 403.

If Defendant's counsel is allowed to discuss Plaintiff's criminal history it will confuse the issues and mislead the jury to the point of unfair prejudice. Plaintiff's criminal history is of zero probative value; therefore the risk of unfair prejudice outweighs the benefit of the evidence and Plaintiff's criminal history should be excluded.

### D. Misconceptions of enforcement of the FDCPA, *inter alia*

A frequent fallacy surrounding consumer protection litigation is the primary beneficiaries are deadbeats. See, S. Rep. No. 382, 95th Congress., Sess. 3(1977) reprinted in 1977 U.S.C.C.A.N. 1695, 1697. This is was not the intent of Congress as interpreted by the Courts: "No section of the FDCPA requires an inquiry into the worthiness of the debtor or purports to protect only deserving debtors. The FDCPA protects all consumers, from the gullible to the shrewd." *See, Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322 (7th Cir. 1997). The focus is on the debt collector's conduct, not the consumer's. *See, Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998).

Upon information and belief, based upon Defendant's counsel's arguments in memorandums of law previously filed in this matter which allege Plaintiff is "seeking to immunize himself from the collection process and the natural, legitimate consequences of non-payment of debts," Defendant intends to present evidence of Plaintiff's criminal history to encourage the jury to find against Plaintiff because he is a deadbeat *and* a criminal.

This is improper and nonsensical. Bringing an FDCPA enforcement action does not

immunize the Plaintiff from the underlying debt. The Defendant debt collectors are required to comply with the FDCPA whether or not any debt is owed. *See*, 15 U.S.C. 1692a(3)(5)(6). The existence or validity of the underlying debt is not material in an FDCPA action. *See, McCartney v First City Bank*, 970 F.2d45 (5th Cir.1992); *Baker v G.C. Services Corp.*, 677 F2d 775, 777 (9th Cir. 1982).

## V.     Conclusion

The matters which the Plaintiff by his Motion in Limine moves the Court to exclude are inadmissible in evidence for any purpose on a proper and timely objection. Plaintiff's criminal history is not relevant and has no probative value to the elements of the consumer protection statutes. Defendant's counsel should be forbidden from mentioning any past criminal history of Plaintiff.

> Respectfully submitted,
>
> Leigh Law LLC
> Post Office Box 21514
> Little Rock, Arkansas 72221
> 501.227.7627
> v@leigh-law.com
>
> By:_____/s/ Victoria Leigh_____

### CERTIFICATE OF SERVICE

I, Victoria Leigh, do hereby certify that I have filed the above with the electronic filing system and the following will be served via email this 12th day of July, 2013:

Mixon Law Firm - Rebecca Worsham
Post Office Box 1442
Jonesboro, Arkansas 72403              ___/s/ Victoria Leigh_____