**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

BRANDON SCROGGIN                                                                              PLAINTIFF

VS.                                               3:12-CV00128-SWW

CREDIT BUREAU OF JONESBORO, INC.                                            DEFENDANTS

**PLAINTIFF'S MOTION IN LIMINE**

COMES NOW, Brandon Scroggin, Plaintiff, by and through his attorney, Leigh Law LLC, for his Motion in Limini and respectfully states:

1. Discovery in this case has developed that Defendant may mention or argue to prospective jurors or jurors ultimately selected in this cause the defense of Bona Fide Error.

2. This cause was brought for violations of the *Fair Debt Collections Practices Act* §15 US. C. 1692 *et seq* (hereinafter "FDCPA"), *Arkansas Fair Debt Collections Practice Act,* A.C.A. §17-24-501 *et seq* (hereinafter "AFDCPA"), *Arkansas Collection Agency Act*, A.C.A. §17-24-101 *et seq* (hereinafter "ACAA"), and the *Arkansas Deceptive Trade Practices Act,* A.C.A. §4-88-101 *et seq* (hereinafter "ADTPA").

3. These statutes are strict liability statutes and provide for the very narrow affirmative defense of "Bona Fide Error."

4. Under 15 U.S.C. §1692k(c), a debt collector may not be held liable in any action brought under this title if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

5. Defendant has not asserted any facts whatsoever which indicate it maintained procedures reasonably adapted to avoid such an error as has occurred in this case.

6. Defendant committed two violations, which belies the idea behind the Bona Fide Error defense that the violation letter "just slipped through the cracks."

7. Defendant's violations were not clerical errors, but as maintained throughout this lawsuit, were mistakes as to the law. Defendant did not realize that a "refusal to pay letter" triggers a cease communication directive under 15 USC § 1692(c).

8. Bona Fide Error defense is "not available" to collectors who made a mistake of law, but is limited to only clerical errors.

9. If allowed, the Bona Fide Error argument would confuse the jury and cloud the issue and would go against prevailing 8th Circuit and Supreme Court precedent.

10. If allowed the arguments regarding Bona Fide Error would unnecessarily lengthen the trial and cause irreparable harm to Plaintiff's case.

11. Please see accompanying brief for further argument.

Wherefore, Plaintiff prays the Court grant his Motion in Limine and for all other relief to which he has shown himself entitled.

                Respectfully submitted,

                Leigh Law LLC
                Post Office Box 21514
                Little Rock, Arkansas 72221
                501.227.7627
                v@leigh-law.com

        By:_____/s/ Victoria Leigh_____

                VICTORIA LEIGH

## CERTIFICATE OF SERVICE

I, Victoria Leigh, do hereby certify that I have filed the above with the electronic filing system and the following will be served via email this 14th day of July, 2013:

Mixon Law Firm - Rebecca Worsham
Post Office Box 1442
Jonesboro, Arkansas 72403          __/s/ Victoria Leigh_____
                                                  Victoria Leigh