UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**BRANDON SCROGGIN**                                                                              **PLAINTIFF**

VS.                                              3:12-CV00128-SWW

**CREDIT BUREAU OF JONESBORO, INC.**                                  **DEFENDANT**

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE

### I.   Introduction

Plaintiff brought this action for alleged violations of the *Fair Debt Collections Practices Act* §15 US. C. 1692 *et seq* (hereinafter "FDCPA"), *Arkansas Fair Debt Collections Practice Act*, A.C.A. §17-24-501 *et seq* (hereinafter "AFDCPA"), *Arkansas Collection Agency Act*, A.C.A. §17-24-101 *et seq* (hereinafter "ACAA"), and the *Arkansas Deceptive Trade Practices Act,* A.C.A. §4-88-101 *et seq* (hereinafter "ADTPA").

### II.   Standard for Review

Motions in Limine prior to voir dire examination of the jury panel are common practice in Arkansas. The authority for Motions in Limine lies solely in the inherent power of the trial judge to admit or exclude evidence.

### III.   Facts

Upon information and belief, Defendant's counsel intends to assert the Bona Fide Error Defense.

### IV.   Argument

**A. Standard for Excluding Evidence**

Federal Rule of Evidence 401 provides the test for relevancy of evidence:

> Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.

Federal Rule of Evidence 403 provides even relevant evidence may be excluded on the grounds of prejudice and confusion:

> Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.

**B. The Bona Fide Error affirmative defense is irrelevant under FRE 401**

The BFE defense is inapplicable to this case because Defendant has not made the necessary assertions in any pleading.

**C. The Bona Fide Error affirmative defense is prejudicial under FRE 403**

Even if the Court determines the BFE defense is somehow relevant under the FRE 401 relevancy test, discussing the BFE defense should be excluded under the standard set forth in FRE 403.

If Defendant's counsel is allowed to discuss the BFE defense it will confuse the issues and mislead the jury to the point of unfair prejudice. The BFE defense is of zero probative value because it is not available to the Defendants in this case; therefore the risk of unfair prejudice outweighs the benefit of the evidence and discussion of the BFE defense should be excluded.

**D. The Bona Fide Error Defense**

The Bona Fide Error defense is not available to Defendant in this case. The BFE defense is a very narrow exception limited to clerical errors – violations that "slipped through the cracks" of otherwise conscientious debt collectors with mechanisms in place to avoid FDCPA violations. *See, Picht v. Jon R. Hawks, Ltd.*, 236 F. 3d 446, 451 (8th Cir. 2001) *("The bona fide*

error defense is limited to clerical errors. The bona fide error defense does not apply to mistakes of law.")

Although the FDCPA is a strict liability statute, it excepts from liability those debt collectors who satisfy the "narrow" bona fide error defense. *Reichert v. Nat'l Credit Sys., Inc., 531 F.3d 1002, 1005 (9th Cir. 2008)* (quotation omitted). That defense provides that:

> A debt collector may not be held liable in any action brought under [the FDCPA] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.
>
> 15 U.S.C. § 1692k(c).

"The bona fide error defense is an affirmative defense, for which the debt collector has the burden of proof." *Reichert, 531 F.3d at 1006 (citing Fox v. Citicorp. Credit Servs, Inc., 15 F.3d 1507, 1514 (9th Cir. 1994)).*

> "Thus, to qualify for the bona fide error defense, the defendant must prove that (1) it violated the FDCPA unintentionally; (2) the violation resulted from a bona fide error; and (3) it maintained procedures reasonably adapted to avoid the violation.

*See, McCollough v. Johnson, Rodenburg, & Lauinger, 1:07-CV-00166 (9TH Cir., 2011)*

Credit Bureau of Jonesboro has failed to assert any facts with show any procedures in place to prevent violations of the FDCPA, let alone any facts that would show that those

procedures are reasonably adapted to prevent the kind of mistake that occurred in this case. The procedures that support a valid bona fide error defense must be "reasonably adapted' to avoid the specific error at issue.' " *See, Reichert, 531 F.3d at 1006 (quoting Johnson v. Riddle, 443 F.3d 723, 729 (10th Cir. 2006)).*

Not only has Defendant not asserted any facts that show Credit Bureau of Jonesboro had any such mechanisms to prevent violations in place, but Defendant has maintained that CBJ did not realize that a "refusal to pay" letter triggers the same cease communications directive as a "cease communication" letter. That is a mistake of law and courts have consistently held that the BFE defense is not applicable in mistakes of law. *See, Jerman v. Carlisle, McNellie, Rini, Kramer & Ulnch LPA, No. 08-1200, 130 S. Ct. 1605; 176 L Ed. 2D 519; 2010 U.S. Lexis 3480; (April 21, 2010) (*This case presents the question whether the "bona fide error" defense applies to a violation resulting from a debt collector's mistaken interpretation of the legal requirements of the FDCPA. "We conclude it does not.") *and See, Hulshizer v. Global Credit Servs., Inc., 728 F.2d 1037, 1038 (8th Cir. 1984)* ( "We have previously addressed the use of the bona fide error defense in cases of mistake in legal judgment and concluded that "reliance on the advice of counsel or a mistake about the law is not protected by the bona fide error defense").

Lastly, "The mere assertion by a defendant that it tries to comply with the law is not enough. *See, Dechert v. Cadle Co., IP 01-880-C(B/G), 2003 WL 23008969 (S.D.Ind. Sep. 11, 2003).*

V. Conclusion

The matters which the Plaintiff by his Motion in Limine move the Court to exclude are inadmissible in evidence for any purpose on a proper and timely objection. Defendant is not entitled to the Bona Fide Error defense. Defendant's counsel should be forbidden from

mentioning the Bona Fide Error defense during trial so as not to confuse the jury or cloud the issues in this case.

                                        Respectfully submitted,

                                        Leigh Law LLC
                                        Post Office Box 21514
                                        Little Rock, Arkansas 72221
                                        501.227.7627
                                        v@leigh-law.com

                              By:_____/s/ Victoria Leigh_____

## CERTIFICATE OF SERVICE

I, Victoria Leigh, do hereby certify that I have filed the above with the electronic filing system and the following will be served via email this 14th day of July, 2013:

    Mixon Law Firm - Rebecca Worsham
    Post Office Box 1442
    Jonesboro, Arkansas 72403              ___/s/ Victoria Leigh_____