UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**BRANDON SCROGGIN**                                                                      **PLAINTIFF**

**VS.**                        **3:12-CV00128-SWW**

**CREDIT BUREAU OF JONESBORO, INC.**                          **DEFENDANT**

<u>**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE**</u>

### I.     Introduction

Plaintiff brought this action for alleged violations of the *Fair Debt Collections Practices Act* §15 US. C. 1692 *et seq* (hereinafter "FDCPA"), *Arkansas Fair Debt Collections Practice Act*, A.C.A. §17-24-501 *et seq* (hereinafter "AFDCPA"), *Arkansas Collection Agency Act*, A.C.A. §17-24-101 *et seq* (hereinafter "ACAA"), and the *Arkansas Deceptive Trade Practices Act,* A.C.A. §4-88-101 *et seq* (hereinafter "ADTPA").

### II.     Standard for Review

Motions in Limine prior to voir dire examination of the jury panel are common practice in Arkansas. The authority for Motions in Limine lies solely in the inherent power of the trial judge to admit or exclude evidence.

### III.     Facts

Upon information and belief, Defendant's counsel intends to discuss the validity of the underlying debt alleged to be owed by Plaintiff.

### IV.     Argument

**A. Standard for Excluding Evidence**

Federal Rule of Evidence 401 provides the test for relevancy of evidence:

> Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.

Federal Rule of Evidence 403 provides even relevant evidence may be excluded on the grounds of prejudice and confusion:

> Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.

**B. The Validity of the Underlying debt is irrelevant under FRE 401**

Whether the alleged debt is valid or not has no tendency to make any fact of Defendant's violation of the FDCPA and the AFDCPA consumer protection statutes more or less probable. Further the validity of the underlying debt is of no consequence in determining whether Defendant's actions violated any consumer protection statutes.

**C. Discussing the validity of the underlying debt is prejudicial under FRE 403**

Even if the Court determines the validity of the underlying debt is somehow relevant under the FRE 401 relevancy test, discussion of the validity of the debt should be excluded under the standard set forth in FRE 403.

If Defendant's counsel is allowed to discuss the validity of the underlying debt it will confuse the issues and mislead the jury to the point of unfair prejudice. The validity of the debt is of zero probative value and has no bearing on whether Defendant contacted Plaintiff after the law said it should not have; therefore the risk of unfair prejudice outweighs the benefit of the evidence and discussion of the validity of the underlying debt, with the exception of the "refusal to pay" letter should be excluded.

**D. Misconceptions of enforcement of the FDCPA,** *inter alia*

A frequent fallacy surrounding consumer protection litigation is the primary beneficiaries are deadbeats. See, S. Rep. No. 382, 95th Congress., Sess. 3(1977) reprinted in 1977 U.S.C.C.A.N. 1695, 1697. This is was not the intent of Congress as interpreted by the Courts: "No section of the FDCPA requires an inquiry into the worthiness of the debtor or purports to protect only deserving debtors. The FDCPA protects all consumers, from the gullible to the shrewd." *See, Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322 (7th Cir. 1997). The focus is on the debt collector's conduct, not the consumer's. *See, Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998).

Upon information and belief, based upon Defendant's counsel's arguments in memorandums of law previously filed in this matter which allege Plaintiff is "seeking to immunize himself from the collection process and the natural, legitimate consequences of non-payment of debts," Defendant intends to present evidence of Plaintiff's unwillingness to pay a "valid" debt and encourage the jury to to find against Plaintiff because he is a deadbeat.

This is improper and nonsensical. Bringing an FDCPA enforcement action does not immunize the Plaintiff from the underlying debt. The Defendant debt collectors are required to comply with the FDCPA whether or not any debt is owed. *See*, 15 U.S.C. 1692a(3)(5)(6). The existence or validity of the underlying debt is not material in an FDCPA action. *See, McCartney v First City Bank*, 970 F.2d45 (5th Cir.1992); *Baker v G.C. Services Corp.*, 677 F2d 775, 777 (9th Cir. 1982).

**V. Conclusion**

The matters which the Plaintiff by his Motion in Limine move the Court to exclude are inadmissible in evidence for any purpose on a proper and timely objection. The validity of the

underlying debt is not relevant and has no probative value to the elements of the consumer protection statutes. Defendant's counsel should be forbidden from mentioning any reference to the validity of the debt, except for the very narrow exception in the Refusal to Pay letter.

> Respectfully submitted,
>
> Leigh Law LLC
> Post Office Box 21514
> Little Rock, Arkansas 72221
> 501.227.7627
> v@leigh-law.com
>
> By:_____/s/ Victoria Leigh_____

## CERTIFICATE OF SERVICE

I, Victoria Leigh, do hereby certify that I have filed the above with the electronic filing system and the following will be served via email this 14th day of July, 2013:

Mixon Law Firm - Rebecca Worsham
Post Office Box 1442
Jonesboro, Arkansas 72403             ___/s/ Victoria Leigh_____