COURT'S INSTRUCTION NO. 1

Ladies and gentlemen: The faithful performance of your duties as jurors is essential to the administration of justice. It is my duty as judge to inform you of the law applicable to this case by instructions, and it is your duty to accept and follow them as a whole, not singling out one instruction to the exclusion of others. You should not consider any rule of law with which you may be familiar unless it is included in my instructions.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law, which I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions. Do not single out some instructions and ignore others, because they are all important.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness

acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I have said or done during this trial is meant to suggest what I think of the evidence or what I think your verdict should be.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. The law is no respecter of persons—all persons, including corporations and other business entities, stand equal before the law and are to be dealt with as equals in a court of justice.

COURT'S INSTRUCTION NO. 2

When I use the word "evidence," I mean the testimony of witnesses; documents and other things I receive as exhibits; facts that I tell you the parties have agreed are true; and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1. Lawyers' statements, arguments, questions, and comments are not evidence.

2. Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

3. Objections are not evidence. Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial.  Do not be influenced one way or the other by objections.  If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information.  When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4. Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

COURT'S INSTRUCTION NO. 3

You will have to decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

COURT'S INSTRUCTION NO. 4

The purpose of both the Fair Debt Collection Practices Act (hereinafter, "FDCPA") and the Arkansas Fair Debt Collection Practices Act (hereinafter, "AFDCPA") is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

The FDCPA and AFDCPA are strict liability statutes and are to be liberally construed in favor of consumers to effect their purposes. The intent of the FDCPA and AFDCPA is that they be enforced by private debtors acting as private attorneys general.

COURT'S INSTRUCTION NO. 5

Both the FDCPA and the AFDCPA define a "debt collector" to include any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed, due, or asserted to be owed or due to another.  It is undisputed that the defendant is a debt collector is in this matter.

Both the FDCPA and the AFDCPA define "consumer" as any natural person obligated or allegedly obligated to pay any debt.  It is undisputed that the plaintiff is a consumer in this matter.

Both the FDCPA and the AFDCPA define "debt" to mean any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligations have been reduced to judgment.  It is undisputed that the obligation allegedly owed by plaintiff is a "debt."

In addition, the FDCPA and the AFDCPA contain identical definitions and provisions.  Therefore, if you find that the defendant violated the FDCPA, you must also find that the defendant violated the AFDCPA.

COURT'S INSTRUCTION NO. 6

Plaintiff alleges that the defendant violated both the FDCPA and the AFDCPA when it contacted the plaintiff regarding an outstanding debt in the following ways:

(1) by contacting the plaintiff after defendant received written notification that the consumer refused to pay debt; or

(2) by contacting the plaintiff's phone and leaving a voice-mail that states the consumer owes a debt, which is alleged to have been overheard by a third party.

COURT'S INSTRUCTION NO. 7

Under both the FDCPA and AFDCPA, if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt except as to certain matters that are not at issue in this case.

COURT'S INSTRUCTION NO. 8

Both the FDCPA and the AFDCPA permit the recovery of actual damages incurred as a direct result of violative conduct that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. There is no fixed standard or measure in the case of intangible items such as humiliation, embarrassment, mental anguish or emotional distress. Mental and emotional suffering and distress pass under various names such as mental anguish, nervous shock, and the like. It includes all highly unpleasant mental reactions such as shame, humiliation, embarrassment, anger, and disappointment. The law does not set a definite standard by which to calculate compensation for mental and emotional suffering and distress. Neither is there any requirement that any witness express an opinion about the amount of compensation that is appropriate for the kind of law.

The plaintiff claims that as a result of the communications by the defendant, he suffered emotional distress in the form of anger, embarrassment, anxiety, stress, and panic attacks, amongst other negative emotions. Again, the plaintiff has the burden of showing, by a preponderance of the evidence, that he incurred these personal injuries as a direct result of the communications from the defendant.

If you determine that the plaintiff has overcome his burden of proof by showing that he incurred actual damages caused by the conduct of the defendant that violated the FDCPA and the AFDCPA, then you may award reasonable, non-punitive damages to compensate the plaintiff for his actual damages. If you should find that the plaintiff is

entitled to a verdict, you may award him only such actual damages as will reasonably compensate him for such damages he has proved are a proximate result of the alleged incidents. You are not permitted to award speculative damages.

COURT'S INSTRUCTION NO. 9

Both the FDCPA and the AFDCPA provide for statutory recovery where a preponderance of the evidence demonstrates a violation. Both the FDCPA and the AFDCPA limit recovery of statutory damages from $0 to $1,000. If you find that the plaintiff has met his burden of establishing a violation of the FDCPA and the AFDCPA based upon the evidence presented, you are to assess the egregiousness of the conduct. In accessing the egregiousness of the conduct you shall consider the following factors:

(1) The frequency and persistence of the non-compliance of the defendant;

(2) The nature of such non-compliance; and

(3) The extent to which such non-compliance was intentional.

It is within your discretion to determine the amount of statutory damages awarded under the FDCPA and the AFDCPA up to $1,000 under each act. A violation of an act does not necessarily warrant an award of the maximum amount of damages. For minor or technical violations, you may refuse to award any statutory damages.

COURT'S INSTRUCTION NO. 10

The FDCPA and the AFDCPA permit a court to consider whether a lawsuit is brought in bad faith and for the purpose of harassment.

"Bad faith" means conduct that is dishonest, oppressive, or carried out with a state of mind characterized by hatred, ill will, or a spirit of revenge.

To "harass" is to exhaust, fatigue, or annoy persistently.

COURT'S INSTRUCTION NO. 11

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the court security officer and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone – including me – how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

13

*Finally*, the verdict form contains your written decisions in this case. [The form reads:]. You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it, and tell the court security officer that you are ready to return to the courtroom.