## STATUTORY DAMAGES

Both the FDCPA and the AFDCPA provide for statutory recovery where a preponderance of the evidence [greater weight of evidence] demonstrates a violation. Both the FDCPA and the AFDCPA limit recovery of statutory damages from $0 to $ 1,000. If you find that the Plaintiff has met his burden of establishing a violation of the FDCPA and the AFDCPA based upon the evidence presented, you are to assess the egregiousness of the conduct. In accessing the eregiousness of the conduct you shall consider the following factors:

(1) The frequency and persistence of the non-compliance of the defendant;

(2) The nature of such non-compliance; and

(3) The extent to which such non-compliance was intentional.

It is within your discretion to determine the amount of statutory damages awarded under the FDCPA and the AFDCPA up to $1,000 under each act. A violation of an act does not necessarily warrant an award of the maximum amount of damages. For minor or technical violations, you may refuse to award any statutory damages.

15 U.S.C. § 1692(a)(2) and 15 U.S.C. § 1692(b). Ark. Code Ann. § 17-24-512(a)(2)(A).
*Lester E. Cox Med. Ctr. v. Huntsman,* 408 F.3d 989, 993 (8th Cir. 2005).

*Plaintiff's proffer #2*

17

COURT'S INSTRUCTION NO. 13 **

## NOMINAL DAMAGES

If you find for the plaintiff but you find that the plaintiff has failed to prove any actual damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar ($1.00).

*Lester E. Cox Med. Ctr. v. Huntsman*, 408 F.3d 989 (8th Cir. 2005).

*[handwritten annotation with diagonal strikethrough: "Plaintiff's proffer"]*