**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 12 2013

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

BRANDON SCROGGIN

     PLAINTIFF

vs                            No. 3:12-cv-00128-SWW

CREDIT BUREAU OF JONESBORO
INC.,

     DEFENDANT

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND THE TIME TO REPLY TO DEFENDANT'S MOTION FOR ATTORNEY FEES AND COSTS AND TO EXTEND THE TIME TO FILE POST TRIAL MOTIONS BASED ON THE DEFENDANT'S MOTION FOR ATTORNEY FEES AND COSTS

Comes now the Plaintiff, Brandon Scroggin, Pro-Se, and has respectfully moved this Court to extend the time for which the Plaintiff has to file his response to Defendant's motion for attorney fees and costs, and to also extend the time the Plaintiff has to file post trial motions based on the Defendant's motion for attorney fees and costs.

The good faith reasons stated in Plaintiff's brief are not exclusive and the reasons provided are general in nature and also not exclusive and are made as to provide the Court with enough information that each pleaded reason the Plaintiff makes in support of his motion is in good faith, non-frivolous and simply attempting to unduly delay the administration of justice, would be prejudicial to the Plaintiff's ability to defend against the Defendant's motion if the Plaintiff's request is not granted and in granting the Plaintiff's request there is no undue prejudice to the Defendant.

### PLAINTIFF WAS NOT AWARE OF THE DEFENDANT'S MOTION UNTIL TWO DAYS AFTER IT WAS FILED AND PLAINTFF WAS UNABLE TO REACH HIS ATTORNEY UNTIL ON OR ABOUT AUGUST 8, 2013, A WEEK AFTER THE FILING OF THE DEFENDANT'S MOTION

The Defendant filed their motion for attorney fees and costs on August 1, 2013, however, the Plaintiff did not become aware of this pleading until August 3, 2013, when he was notified by others that are watching this case on Pacer.

The Plaintiff is not alleging defense council did anything improper by not notifying the Plaintiff of this pleading, in fact they did not as Plaintiff at the time was still represented by an attorney, Ms. Victoria Leigh.

From the time Plaintiff was notified of this pleading until on or around August 8, 2013, Plaintiff was unable to make contact with Ms. Leigh.  Numerous messages and emails were left but not until approximately five days letter did Ms. Leigh contact the Plaintiff.

The Plaintiff then learned that Ms. Leigh had been out of state and was not working at this time and was also unaware of the Defendant's pleading.  Ms. Leigh, upon the request of the Plaintiff, has now withdrawn as attorney of record for the Plaintiff.  However, the Plaintiff still has to get certain documents and information from Ms. Leigh which will assist in the defending against Defendant's motion.

In addition Plaintiff is waiting on affidavits from Ms. Leigh which are needed as part of Plaintiff's defense against the Defendant's motion.

### THE PLAINTIFF NEEDS ADDITIONAL TIME TO FILE A MOTION FOR JUDGE WRIGHT TO RECUSE HERSELF FROM THIS CASE

Her Honor has made extremely prejudicial comments concerning the Plaintiff on and off the record and Her Honor made post trial comments in reference to the Defendant's motion for attorney fees and cost which is currently before the Court.

Her Honor made prejudicial and inappropriate comments from the bench by giving legal advise to the defense and to the Defendant himself and not only tipped her hand as to how she would rule on such motions brought before Her Honor but advised the defense on how she would rule on the motions which were not even before the Court and the trial being less than ten minutes over.

Specifically, Her Honor advised the Defendant not only should they file a motion for attorney fees and costs against the Plaintiff, but under which law they would likely be more successful, why, and then advised from the bench what her ruling would be on such motion, which was the motion would be granted.

Furthermore, Her Honor addressed the Defendant directly who is the owner of a collection agency which specialize in the collection of third party claims and made the comment (as close to verbatim which the Plaintiff remembers without having the transcripts at this time) "And then you would have your own debt to collect instead of somebody else" while smiling and nodding in approval to the Defendant (The Plaintiff is in the process of getting the trial transcripts and the verbatim comments will be pleaded in the actual motion to recuse) in reference to granting the defense a motion for fees if brought before Her Honor.

Her Honor also denied a Plaintiff's motion for attorney fees which was never made by the Plaintiff. Her Honor denied the Plaintiff's motion for attorney fees and cost before it could ever be brought before the Court and before the Plaintiff could even be heard on the matter.

Her Honor did not simply allude to how she would rule, but gave the green light to the defense to file their motion currently before the Court and the red light to Plaintiff as to filing their own motion, encouraged the Defendant to file their motion, and took out the possibility of the defense having to weigh their options and possibly not file the motion currently before the Court.

It should also be noted that the statute which the Defendant is seeking their attorney fees under states the Court "may " award attorney fees and not "shall" award attorney fees, therefore leaving it up to the discretion of the Judge once all parties presumably had been heard on the matter.   It might have been different if Her Honor had no discretion in the matter and there was a mandatory award by statute and the filing of the motion was simply a routine matter which had to filed before the granting of attorney fees and costs could be made official.

In addition, Her Honor made a ruling as to the admissibility of evidence which was not before the

Court and was adverse to the Plaintiff in the order denying the Defendant's motion to dismiss and for civility. Her Honor specifically stated how she would let in certain online messages and posts made by the Plaintiff when there was no motion before the court. The Plaintiff is not accerting the correct legal theory was not given by Her Honor for the reasons she would allow certain evidence. However, the admissibility of evidence which would paint the Plaintiff in an unfavorable light was not even pending before the Court and a ruling was made admitting the unfavorable evidence toward the Plaintiff and the Plaintiff was never even given the opportunity to be heard on the matter.

For all the Plaintiff knows the Defense might not have tried to admit the evidence thinking it were inadmissible hearsay but the Court ruled on the matter not even before the Court taking away any opportunity for the Plaintiff to benefit by the defense not trying to admit the evidence at trial or trying to admit the evidence under the wrong legal theory and foundation therefore allowing a Plaintiff's objection to presumably be sustained and the evidence not admitted. In other words while Her Honor was forced to deny the Defendant's motion due to the Constitution of the United States Her Honor still assisted the defense by letting them know how they could get the evidence unfavorable to the Plaintiff admitted at trial.

To be completely fair Her Honor did state in the order she was also warning the Plaintiff in an effort to make sure the Plaintiff was aware of how the evidence would be admitted. However, while possibly nice and free legal advice which the Plaintiff respects, the Plaintiff was well aware of the law and what evidence was and was not admissible and under what rules of evidence it would be admitted or not, and having Her Honor "tip off" the other side so to speak might have done more damage than the overall good possibly intended.

### ADDITIONAL TIME IS NEEDED TO THE THE AMOUNT OF EXHIBITS WHICH THE DEFENDANT HAS SUBMITTED WITH THEIR MOTION FOR FEES AND COSTS.

The Defendant has submitted numerous posting and online activity alleged to be authentic and that of the Plaintiff in an unaltered form and from numerous websites, but mainly that of Debtorboards.

The Plaintiff was under the impression that Ms. Leigh was working with Debtorboards and other sites prior to trial in an effort to authenticate certain posts and obtain permission to use such posts which are the legal property of Debtorboards and other such sites which would have and currently put the Plaintiff's posts into context and/or shed a positive light on the Plaintiff.

However, it has become obvious this was never done. To refresh the Court's recollection, the Defendant entered numerous online message board posts, the Plaintiff authenticating most due to the strict liability nature of the law he sued under. In other words, and the Plaintiff admits an error in legal strategy and judgment, as even those posts which he was not one-hundred percent sure where authentic he did not challenge the authenticity relying on the strict liability nature of the FDCPA and the Court and the jury being able to not let the defense use smoke screens and muddy the waters and steer completely away from truly what this case was about, did the Defendant violate the FDCPA.

Furthermore, and it can only be assumed due to a lack of permission for the posts owner, Debtorboards, and authentication, Ms. Leigh never attempted to enter or did enter any message board posts into evidence which would have benefited the Plaintiff.

While the Plaintiff can not un-ring the bell as to the posts that have already been entered into evidence, a numerous amount of other posts are now being attempted to be entered into the record, including posts made on a pro collection agency message board and the the Plaintiff is not authenticating any such posts.

The Plaintiff now needs more time to prepare due to the sheer volume of the exhibits attached to the Defendant's motion, read and review the numerous exhibits submitted by the defense, and to work with Debtorboards ownership to obtain the proper permission to use their material in his defense.

The Plaintiff is in very good standing with Debtorboards and Debtorboards will assist the Plaintiff but the process still requires the Plaintiff needing more time to work with Debtorboards. The Plaintiff, no matter in how good of standing he is with Debtorboards, can simply not just go harvest their federally copyrighted property in mass and use it in violation of their terms and conditions which the

Plaintiff agreed when he used Debtorboards.

The Plaintiff, while not denying posting online for years and even under some handles which the defense is alleging, at this time is disputing, in their entirety, any online postings, messages, or blog entries which have not been previously authenticated while the Plaintiff was under oath.

## MORE TIME IS NEEDED FOR THE PLAINTIFF TO FILE A MOTION TO STRIKE

For many of the reasons stated in reference to needing more time to review the exhibits, the Plaintiff also needs additional time for his motion to strike exhibits that are unauthenticated hearsay and prejudicial in their unauthenticated form.

While the Plaintiff expects to move to strike many, if not all of the Defendant's exhibits, one such post allegedly made on the pro collector website Inside Arm under the handle "Todd Beene" and allegedly stating the Plaintiff would defy and order from the Court is a prime example.  Inside Arm is notorious for distorting the Plaintiff's and other consumer protection advocates words and posts, actually modifying and altering  posts to shed the Plaintiff and others which they do not agree with in a bad light and has even stooped as low as to make posts which appear to be coming from the Plaintiff that he enjoys having sex with blow up dolls and bigtory comments (which even Inside Arm administration quickly removed).  The Plaintiff is moving to strike all exhibits allegedly that of the Plaintiff and from the website Inside Arm and needs additional time to file his motion to strike.

## THE PLAINTIFF WISHES TO DEPOSE MS. WASHBURN

The Plaintiff also wishes to depose Ms. Worshburn duces tecum as to the attorney fees she is alleging for this action.  The defense is praying for over $37,000 in attorney fees, much for losing motions or arguments (which the Plaintiff is eager to hear as to what possible meritorious reason there is for praying for such relief, especially in light of the fact the defense was arguing contrary to the Constitution of the United States, the first amendment, and the United States Supreme Court) which they submitted to the court and under different statutes that might or might not allow for attorney fees to be awarded.

The Plaintiff has reached out to Ms. Worshburn and has agreed to let her choose the date, time, setting and even has agreed to a weekend or after normal business hours time for the deposition but at this time, and like for the requests that she not oppose the motion for an extension, she has not responded.

Soon if Ms. Washburn is unwilling to voluntarily submit to this deposition the Plaintiff will be seeking an order to compel the deposition, of course which takes more time than is currently given to have the Plaintiff's response provided under the federal rules of procedure.

Therefore, the Plaintiff needs more time to respond to the Defendant's motion so he may depose Ms. Washburn with such deposition testimony likely providing numerous defenses to the Defendant's motion for attorney fees and costs.

### THE PLAINTIFF NEEDS TIME TO FILE HIS MOTINON FOR SANCTIONS AGAINST MS. WASHBURN AND THE MIXON LAW AS IT RELEATES DIRECTLY TO THEIR FILING OF THEIR MOTION FOR ATTORNEY FEES AS COSTS

Ms. Worsham in her motion for attorney fess and costs has accused the Plaintiff point blank of committing a felony and that underlying felony being the basis for bringing this lawsuit against her client. She has also put in her motion that the Plaintiff intentionally gave his phone to his friend knowing there was a debt collection message on the phone and then had his friend listen to the message so he would then have an FDCPA violation.

This allegation in reference to the phone message is not on the record, was not proven in Court, was denied by the Plaintiff even in his online character message board postings and Ms. Washburn has taken her own conclusion which the facts and the jury verdict do not support, stated it as an undisputed fact and then prayed for sanctions against the Plaintiff for the conduct which Ms. Washburn alleges which there are no facts to support.

The felony that Ms. Washburn is accusing the Plaintiff is blackmail and she has pleaded that the Plaintiff as it relates to the facts in this case committed blackmail against her client and her client stood up the the Plaintiff's blackmail.

Of course there was no blackmail and Ms. Washburn is a licensed attorney knowing the legal elements of blackmail and knows the Plaintiff not only committed no blackmail against her client he did not even come close.

Ms. Washburn knows the Plaintiff simply did what her profession does thousands of times a day, try to settle matters out of court and the sending of demand letters and intentions to sue if the other party ignores what the alleging party feels are violations of the law.

It is simply mind boggling how the defense can allege the Plaintiff abused the court process by bringing an action they claim technical in nature but a jury determining a violation of federal law and then turn around and accuse the Plaintiff of blackmail for offering to not file the lawsuit and go through the expensive and lengthy court process which the defense now claims was frivolous.

In other words, the Plaintiff trying to offer a much more inexpensive and less time consuming way to resolve this matter is blackmail and not offering what the defense alleges is blackmail and suing for admitted federal law violations is abusing the system because the violations are minor according to the defense.

I guess the only question for the defense is, when does and how does your client have to face up to admitted violations of federal law. Is Mr. Guinn somehow immune from the laws of the United States because he is a nice man.

The audacity of the defense motion for sanctions in light of their client admitting to breaking federal law and refusing to settle the matter when given the very inexpensive alternative to pay what the statutory damages would be, accuse the Plaintiff of blackmail and then bring that allegation to a federal court is simply too incredible for words.

Ms. Washburn is using the pre-trial intent to sue letter, which was discussed in the deposition, where the Plaintiff gave the Defendant an opportunity to settle this matter without using the courts and accusing the Plaintiff point blank of a felony. This is outrageous and disgusting conduct.

However, while the Plaintiff is filing a bar complaint and his own federal lawsuit against Ms.

Washburn and the Mixon law firm for this outrageous conduct, the Plaintiff wants to make it clear that while many allegations made in the bar complaint and federal lawsuit will be the same and overlap into the motion for sanctions which the Plaintiff is filing with this Court, the Plaintiff is only requesting additional time to address Ms. Washburn's verbal assassination and libel of the Plaintiff in his sanctions motion to this Court only.

Wherefore, the Plaintiff has shown good cause that the Plaintiff's motion to extend the time to answer the Defendant's motion for attorney fees and costs is not brought in bad faith and for legitimate reasons and a denial of the extension would severely prejudice the Plaintiff and granting the motion would not prejudice the Defendant, the Plaintiff would pray this honorable Court grant the Plaintiff's motion and extend the time file the Plaintiff's reply and other post trial motions based on the Defendant's motion for attorney fees and costs until and including September 2, 2013.

The Plaintiff would also like the Court to take note that the defense in this case has been granted extensions for the time to file motions, briefs, and replies to Plaintiff's pleadings and all were granted and the Plaintiff never objected to any motion brought by the defense.

Respectfully Submitted,

Brandon Scroggin
Pro-Se
acsscroggin@gmail.com

I, Brandon Scroggin, do hereby certify that the above brief in support of Plaintiff's motion to extend the time for the Plaintiff to respond to the Defendant's motion for attorney fees and costs has been emailed to Ms. Rebecca Worsham, attorney for the Defendant on August 11, 2013, and emailed to rworsham@mixonlaw.com