

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

BRANDON SCROGGIN

PLAINTIFF

vs    No. 3:12-cv-00128-SWW

CREDIT BUREAU OF JONESBORO
INC.,

DEFENDANT

## PLAINTIFF'S OBJECTION TO THE DEFENDANT'S MOTION FOR COSTS, SANCTIONS, AND ATTORNEY'S FEES

Comes now the Plaintiff, Brandon Scroggin, pro se, and his Objection to the Defendant's motion for costs, sanctions, and attorney's fees, filed August 1, 2013.

## FACTUAL BACKGROUND

1. The Plaintiff moved for an order granting an extension to file its response, motions, brief, and other pleadings until and including September 2, 2013.

2. The Plaintiff's request was granted by the Court, extending the time for the Plaintiff to respond to Defendant's motion until and including September 3, 2013, as September 2, 2013 was a legal holiday.

3. The Plaintiff now submits his timely reply and prays for an order denying the Defendant's motion for costs, sanctions and attorney's fees as a matter of law.

## **ARGUMENT**

1. The Defendant's motion must be denied in the interest of justice, and for the protection of all consumers who might bring an action under the Fair Debt Collections Practices Act. (hereinafter "FDCPA") This Court's decision will thereby send a message to collection agencies and debt collectors who make a business decision to violate the FDCPA because it is more cost effective than properly training their employees.

2. The Defendant's motion asks this Court for an order that would in essence be completely unfair to both the Plaintiff and any subsequent litigants who may wish to exercise their rights under the FDCPA. Such an order would reward the Defendant for being admittedly ignorant as to the legal requirements and the application of the FDCPA, and would allow the Defendant to shift the focus to the consumer's conduct rather than their own. It would additionally reward the Defendant for violating the FDCPA and controvert the congressional intent of the FDCPA, which is that consumers like the Plaintiff will act as private attorneys general to enforce the FDCPA.

3. Such an order would reward the Defendant for filing frivolous and losing motions requesting this honorable Court to issue an order denying the Plaintiff his first amendment rights, and attempting to hold a pro se litigant responsible under the Professional Rules of Conduct.

4. Such an order would send a chilling message to the public and legal profession; that if a Defendant in an FDCPA action does not like the personality of the Plaintiff or the manner in which he chooses to exercise his First Amendment rights by truthfully posting details of the case on public message boards, they need do nothing more than attack the character of the Plaintiff and shift the focus to the consumer.

5. There is no provision in the FDCPA that requires an inquiry into the background and character of the Plaintiff. Nor is there any requirement that Plaintiffs be uneducated, unsophisticated,

polite, meek, cowardly, respectful and ignorant of opposing counsel's appalling lack of knowledge concerning the law, so as to effect an easy victory for the Defendant.

6. It has been clear from the beginning of the instant action that the Defendants have based their defense on an intense dislike for their opponent, and not on the legal merits of their case. The personalities of the litigants should not be the basis for any award made by this honorable Court.

7. The Plaintiff is attaching to this motion his brief in support of this motion and prays for an order denying the Defendant's motion for costs and attorney's fees.


Respectfully submitted,

Brandon Scroggin
Pro-Se
acsscroggin@gmail.com

I, Brandon Scroggin, do hereby certify that the above motion has been emailed to Ms. Rebecca Worsham, attorney for the Defendant on September 3, 2013, and emailed to rworsham@mixonlaw.com