FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 18 2013

JAMES W McCORMACK, CLERK
By: _____
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

BRANDON SCROGGIN

PLAINTIFF

No. 3:12-cv-00128-SWW

CREDIT BUREAU OF JONESBORO INC.,

DEFENDANT

## PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Comes now the Plaintiff, Brandon Scroggin ("Plaintiff"), pro se, and pursuant to rules four and five of the Federal Rules of Appellate Procedure brings his notice of appeal, against the Defendant the Credit Bureau of Jonesboro ("Defendant") and pursuant to rule 24 of the Federal Rules of Appellate Procedure his Motion for Leave to Proceed in Forma Pauperis.

Plaintiff is appealing the order entered by the District Court for the Eastern District of Arkansas, Jonesboro Division, Hon. Susan Weber Wright, ordering ("Order") the Plaintiff be held liable to the defense for their attorney's fees and costs, as the Court found the Plaintiff brought his FDCPA action against the Defendant in bad faith and for the purposes of harassment.

The Court entered its order which will be the subject of Plaintiff's appeal on September 20, 2013. Therefore, the Plaintiff motion and notice is timely as no more than 30 days have passed since the order was entered against the Plaintiff.

Furthermore, as a matter of right, the Plaintiff is entitled to and does seek redress in the 8th Circuit Court of Appeals.

Attached to this motion is the required affidavit when moving to proceed in forma pauperis, the issues the Plaintiff will base his appeal, and a discussion of some of those issues that show the

Plaintiff's appeal will be brought in good faith, is non-frivolous, and the Plaintiff has a legitimate chance of prevailing on his appeal.

Unfortunately, as of August 28, 2013, the Plaintiff has been unemployed.  He currently has an appeal of his denial of unemployment pending but no hearing date has been scheduled.

The Plaintiff also contacted his trial attorney, Ms. Victoria Leigh, and although she advised the Plaintiff in her opinion the trial court error greatly she is pregnant and will soon be taking time away from practicing law and is unsure when she will  return and is unable to handle an appeal at this time, regardless of the fact that she feels the Plaintiff will prevail.

The Plaintiff's cash on hand is less than $100.00 and any assistance he is receiving is going toward necessary household expenses only.   The Plaintiff does not have a bank account, has no savings and no 401K or similar plan which he can borrow against.

The Plaintiff, if his Motion for Leave to Proceed in Forma Pauperis is not granted will be denied access to the court's due to his inability to pay the filing fees.

## ISSUES ON APPEAL

- The Court abused its discretion when not giving careful consideration in deciding the motion brought by the defense as the Court states on page four of its opinion and order. The Court's post-trial comments make it clear the Court already had its mind made up and it is the Court's
own words, statements, and improper giving of legal advice which are all on the record that support the Plaintiff's position.

- The Court abused its discretion when punishing the Plaintiff for his free speech and expression on a public message board which speech and expression was not illegal and were generally huge exaggerations and playing a role online and playing to the audience.

- The Court abused its discretion in finding the Plaintiff brought his lawsuit in bad faith and to
harass, then using that finding to further abuse its discretion and sanction the Plaintiff for allegedly bringing his lawsuit in bad faith and for harassment

- The Court abused its discretion by finding as a fact the Plaintiff's refusal to pay letter was

Ambiguous and using that finding of fact to support its sanctions against the Plaintiff.

- The Court abused its discretion by finding as a fact the Plaintiff did something improper by

advising another member of a consumer message board how it was more likely than not a debt collector would violate the FDCPA if a letter was worded a certain way.

- The Court abused its discretion when it found as a fact the Plaintiff advised a member of a

consumer message board how to manipulate a claim for damages when all the Plaintiff was doing was explaining to the member how to best preserve any possible claim.

- The Court abused its discretion when it held against the Plaintiff he got or gets an adrenaline

rush or excitement while in Court.

- The Court abused its discretion by finding as fact the Plaintiff set up the Defendant and made

the Defendant violate the FDCPA.

- The Court abused its discretion when it held the fact the Plaintiff turned the tables on the

defense when they thought he would be intimidate at his deposition and instead basically ran the defenses own deposition and turned it into a legal circus and nightmare for the defense.

- The Court abused its discretion when it held against the Plaintiff he wanted to do damage to the

Defendant with his lawsuit.

- The Court abused its discretion when it held against the Plaintiff the post he made online that

said "If you even dream about violating my rights under the FDCPA the first thing you better do is apologize and pray I don't sue you for even dreaming about violating my rights."

- The Court abused its discretion when making a finding of fact the Plaintiff worked for his trial

attorney, Victoria Leigh, was splitting attorney fees with Ms. Leigh, and was running up his own attorney's fees which he would later split, then relying on that finding of fact to justify its abuse of its inherent powers in sanctioning the Plaintiff.

- The Court abused its discretion when it making a finding of fact the Plaintiff abused the process

by forcing the defense to depose him on a Saturday because the Plaintiff was too busy during the week doing nothing, then relying on that finding of fact as part of its abuse of discretion in its sanction imposed on the Plaintiff.

- The Court abused its discretion and three decades of FDCPA precedent when finding the

Plaintiff's motives for bringing his lawsuit against the Defendant were relevant.

- The Court abused its discretion when finding the Defendant's alleged non-intent to violate the

FDCPA was relevant.

- The Court abused its discretion when making a finding of fact that violating a cease communications directive acting as a cease and desist and illegally disclosing to a third party a debtor allegedly owes a debt are worthless and technical violations of the FDCPA.

- The Court abused its discretion when allowing the defense to authenticate the alleged Plaintiff's

posts on Inside Arm by only saying they were the Plaintiff's posts and providing no authenticity foundation or even using hearsay as to how the defense authenticated the posts and were in fact the Plaintiffs (This matter could be moot as even if they were the Plaintiff's posts they are free speech and the Plaintiff just trying to push the buttons of debt collectors on their board, or the Court in its order appears to find the court would rule the same way with the posts authenticated or not).

- The Court abused its discretion when it refused to take into consideration in imposing its sanction on the Plaintiff that almost all allegations of harassment the defense brought on themselves by their own conduct and free will.

- The Court abused its discretion when considering the "deadbeat" argument against the Plaintiff

and made by the defense in direct violation of the Plaintiff's granted motion in limine ordering the defense to make no such arguments.

- The Court abused its discretion by finding as fact the Plaintiff was not a prevailing party,

successful party, or he prevailed at all in his lawsuit against the Defendant.

- The Court abused its discretion when refusing to consider the Plaintiff's lawsuit caused the

Defendant to change the way he does business by using an irrelevant United States Supreme Court precedent.

- The Court abused its discretion by using the fact the Plaintiff did not move for summary judgment even though the Plaintiff's post explaining why he did not move for summary judgment was a strategic decision because he and his attorney felt they stood a better chance of being awarded at trial.

- The Court abused its discretion when awarding attorney's fees for the defenses losing motion

for civility and motion to dismiss which if granted would have violated the Plaintiff's first amendment rights and which the Court denied the motions on the grounds it would be a violation of the Plaintiff's first amendment rights if granted.

**THE COURT ABUSED ITS DISCRETION WHEN NOT GIVING CAREFUL
CONSIDERATION IN DECIDING THE MOTION BROUGHT BY THE DEFENSE AS THE
COURT STATES ON PAGE FOUR OF ITS OPINION AND ORDER. THE COURT'S POST
TRIAL COMMENTS MAKE IT CLEAR THE COURT ALREADY HAD ITS MIND MADE UP
AND IT IS THE COURT'S OWN WORDS, STATEMENTS, AND IMPROPER GIVING OF
LEGAL ADVICE WHICH ARE ALL ON THE RECORD THAT SUPPORT THE PLAIN-
TIFF'S ARGUMENT.**

The trial Court just minutes after announcing the jury's verdict made highly inappropriate and

prejudicial statements. Specifically, the Court advised the defense just minutes after the verdict being

announced even though the jury found this action was not brought for the purpose of harassment that

she would if a post-trial motion for attorney's fees were brought by the defense, even though the jury's

verdict finding no harassment was not being set aside.

Furthermore, the Court looked right at the Defendant, Mr. Rusty Guinn, during its post-trial

comments while smiling and nodding its head at the Defendant and said to the Defendant "And then

you will have a debt to collect on that is yours," (Plaintiff does not have the official record yet so is

getting as close to what was said based on memory and will be pleaded on appeal verbatim) eluding to

the fact the Defendant had testified his collection agency attempts to collect on debts owed to a third

party and not their own purchased debt.

**THE COURT ABUSED ITS DISCRETION WHEN PUNISHING THE PLAINTIFF FOR HIS
FREE SPEECH AND EXPRESSION ON A PUBLIC MESSAGE BOARD WHICH SPEECH
AND EXPRESSION WAS NOT ILLEGAL AND WAS GENERALLY HUGE
EXAGGERATIONS AND PLAYING A ROLE ONLINE AND PLAYING TO THE AUDI-
ENCE**

The first amendment protects the Plaintiff's speech and expression. The Plaintiff has an absolute

constitutional right to play a character online and make over the top statements and huge exaggerations,

be the most serious and diligent poster while carrying on intelligent debate and discussion, or a

combination of both.

The only rules the Plaintiff has to follow online are those implemented by the message boards and free speech that crosses the line such as yelling fire in a crowded theater or making death threats.

The Plaintiff does not sell tickets to his online postings, forces nobody to read anything he writes or posts, and anybody that follows the Plaintiff around the internet and / or reads what the Plaintiff writes is doing so out of their own free will. A large majority of the time the Plaintiff posts for his own personal entertainment and the entertainment of others. Anybody that "believes everything you read on the internet." does so under their own free will.

Many times the Plaintiff plays a role and character which is a combination of Ric Flair, the Self-proclaimed greatest wrestler in the world and somebody that no matter what is the best, all the Women want, and "he is just the best thing going" with a trademark WOOOO after almost everything he says. No matter what happens it was according to his master plan and if you do not understand that is because you are just not as intelligent as he is and you just need to sit there and attempt to live vicariously through him. The 1990's University of Miami's football program (The "U") which program is almost 100 percent solely responsible for every anti celebration rule in college football. They dominated their opponents and held elaborate celebrations on the field, danced in the end zone, and their motto was, "If you don't want us to dance in your end zone don't let us get in your end zone." They were coached by former Dallas Cowboy hall of fame coach Jimmy Johnson who is and was never shy about not only allowing this conduct but highly encouraging it. In fact he defied the President of the university when he supported his players before the 1990 Orange Bowl when they refused to shake the hands of their opponent, the university of Oklahoma at the pre-game coin toss.

He also refused to have his players apologize stating he would just shut the whole program down before he or his team would apologize because his teams were on the field to win and not make friends. He backed down the president of the university showing who was actually in charge and truly running things.

And Muhammad Ali, who the Plaintiff needs to give no description of how good this man was,

backed up everything he said and is arguably the best boxer ever and was voted the best athlete of the 20th century by E.S.P.N.

These characters are all played by the Plaintiff, usually in combination with a stereotyped Arkansas redneck that wears pressed overalls, rides a mule around town, and his diet consists of triple whoppers from Burger King for breakfast, lunch, and dinner because he always likes things "Done his way" the Burger King trademark motto.

The Plaintiff has been playing these characters online for years and it is very common for his friends, with posting handles such as "Bruno the Junk Debt Buyer Killer" (See affidavit "A" attached and incorporated by reference) to refer to the Plaintiff as "The Great One" and to constantly summons him from his Burger King booth to jump on his mule and get to a consumer ASAP that is being harassed by a debt collector, or to "press your overalls you're needed in court."

This type of conduct is admittedly for entertainment but websites like www.debtorboards.com are the first site a consumer which was just sued by a debt collector finds in their Google search. The law to an unsophisticated consumer is very foreign and intimidating.

The Plaintiff and his friends are simply trying to lighten the mood and portray the image that if these crazy people can do this and be successful, so can I.

Of course, admittedly, we live for the moment, like in this case, to have a debt collector lose their temper reading, by their own free will, what we post. The holy grail is to hook and dupe the other side like was done to the defense in this case. Unfortunately the defense was also able to take a respected federal judge along for this ride with them, due to their constant crying, belly aching, and frivolous motions to try and quash the Plaintiff and his friends.

To actually have our opponents quoting our story lines, or even our 100 percent true comments which violate no laws, rule or court order, and be hooked and duped so badly they argue and filed? motions to try and quash our free speech, it just does not get any better for us. In fact when a debt

collector, or somebody like the defense in this case, is so badly duped it just causes the Plaintiff and many of his friends to get even more over the top and start trying to "one up" each other. In other words, just like a fourth grader acting out for attention if given attention, the behavior and showing out just gets worse.

When an alleged hick from Arkansas that wears no shirt under his overalls and routinely walks right into Court like he owns the place and just steam rolls the debt collection industry, it provides both comic relief and a sense that not only can this be done but it can be done while having fun.

If being immature, sophomoric or possibly a computer geek were the charge then the Plaintiff would deserve a death sentence by the Court with how guilty he is. However, this is the United States of America with a first amendment and the Plaintiff has yet to hear of a tragedy like the epidemics in this country with senseless shootings and unspeakable crimes being committed by anybody from the message boards being immature and role playing for entertainment.

To be crystal clear, the Plaintiff's online posts, both 100 percent true and factual, complete or partial lies, exaggerations, or a combination, the Plaintiff stands behind them, does not apologize for anything and if provided the opportunity to do it over would not only do nothing different, he would "double down" and try to get even more extreme now that he is aware of the audience and how offended they are by the Plaintiff's online conduct.

In other words, the Plaintiff said it, meant it, and will do it again, just give him a keyboard and an internet connection.

The defense has entered over 6500 online posts made by the Plaintiff and his friends and the Plaintiff has introduced none. The Plaintiff will continue to enter no online posts to counter the defenses attack on the Plaintiff's first amendment rights. The Plaintiff will defend with nothing more than the first amendment and pointing out the "free will" which all citizens of this great country have.

The Court has based almost all of its sanctions on the Plaintiff's online message board postings which much are complete lies and almost all extreme exaggerations? Furthermore, the Plaintiff and his

friends are well aware that most just "don't get it" and when a debt collector stumbles onto the boards it is very easy to hook them with outrageous claims due to how good the Plaintiff and his friends are at creating elaborate story lines for outsiders to follow, much like professional wrestling.

This is what has happened in this case. The defense went to the message boards and got hooked and duped. However, it should be made completely clear that the Plaintiff's position is that if 95 percent of what the Plaintiff posts were true or not exaggerations it would change nothing and the Court's order should still be vacated.

The Plaintiff also posts all the time in a more serious nature, not in character, and 100 percent of those posts the Plaintiff does not distance himself from no matter how offensive the defense or the Court finds them. They are the Plaintiff's opinions and while usually made with a highly arrogant tone they are legally protected and / or describe conduct, opinions, and / or advice that is hated by the debt collection industry but in no way illegal or improper. The Plaintiff is a friend and activist for down on their luck underdog consumers.

The Plaintiff wants to also make it clear that "Debtorboards" www.Debtorboards.com, which he posts, is a legitimate and federally recognized as a non-profit organization which donations made by its members are tax deductible, debt counseling type organization which does not authorize or support its members to post anything vulgar, illegal, or give advice which might lead to illegal conduct. Debtorboards is a private organization which does not have to and does not have first amendment issues to consider and the terms of service clearly state the administration for any reason can modify, remove, or ban a member's privileges. There is no "right" to post and / or be a member of Debtorboards. .

Debtorboards does not even have a close second when it comes to the factual and intelligent discussion of debt collection issues and consumer credit issues in general. This is why Debtorboards was the only consumer message board that was chosen by the New York Times to interview and focus

their 2010 piece on the debt collection industry and consumers that fight back.

The debt collection industry considers Debtorboards as its biggest enemy and Debtorboards is referred to by the debt collection industry as "The credit terrorist training camp" and Debtorboards members "credit terrorists" Obviously if the information being discussed and provided were not factual when members not in character, they would not enjoy this type of pure hate by the debt collection industry.

It warms the heart of the Plaintiff and many of his friends that the debt collection industry has this much disdain for the Plaintiff and the message board we call home, Debtorboards.com. Some of the most outrageous claims made online which the Court specifically used in its order to levy its sanctions against the Plaintiff are discussed in more detail in this motion.

**THE COURT ABUSED ITS DISCRETION IN FINDING THE PLAINTIFF BROUGHT HIS LAWSUIT IN BAD FAITH AND TO HARASS, THEN USING THAT FINDING TO FURTHER ABUSE ITS DISCRETION AND SANCTION THE PLAINTIFF FOR ALLEGEDLY BRINGING HIS LAWSUIT IN BAD FAITH AND FOR HARASSMENT**

The Court fails to explain how it came to the conclusion this suit was brought for harassment when the Plaintiff filed his complaint in May of 2012 and the first alleged harassment or bad faith did not occur until ten months later in March of 2013, and only after the deposition and the defense learning of the Plaintiff's online message board posting.

In addition while the Plaintiff could have easily handled his case he hired an attorney shortly after filing the suit. If the Plaintiff had filed his suit for harassment the Plaintiff would not be accused of nothing improper for the ten months following the filing of his suit, hired an attorney, had that attorney only do one routine of boilerplate discovery and authorize no depositions of the Defendant's.

The Court also fails to cite any precedent where an FDCPA plaintiff who proved all their claims and the Court and the jury both agreed, along with the jury finding no harassment on the part of the Plaintiff, was ordered to pay the attorney's fees to an FDCPA defendant which was found to have violated the FDCPA.

And while this is no such precedent, there is certainly precedent supporting the common sense argument that a violator of the FDCPA cannot turn around and have the consumer pay their attorney's fees.

In ***Hor key*** v. JVDB & Associates, Inc. 333 F. 3d 769 - Court of Appeals, 7th Circuit, **2003,** which the Plaintiff cited and discussed in his brief in opposition to the defenses motion for attorney's fees and costs, and which the Court did not even address in its 41 page order which is the subject of this appeal, the court in its opinion stated, "Next, we consider J.V.D.B.'s third argument, that the district court erred in denying its motion for attorney's fees pursuant to § 1692k(a)(3), which allows a defendant to collect reasonable attorney's fees" on a finding by the court that an action under this section was *brought in bad faith* and for the purposes of harassment argument"

"We review the district court's finding on the issue of bad faith for clear error." ***See, Swanson v. Southern Or. Credit Serv., Inc., 869 F.2d 1222, 1229 (9th Cir.1988).*** We review the ultimate *grant or denial of attorney's fees* under § 1692k(a)(3) for an *abuse of discretion. **See, Zagorski v. Midwest Billing Servs., Inc., 128 F.3d 1164, 1166 (7th Cir.1997).***

J.V.D.B. contends that Horkey violated § 1692k(a)(3). For J.V.D.B. to prevail, it would have to establish that Horkey's *"action"* was brought in bad faith and for harassing purposes. 15 U.S.C. § 1692k(a)(3). *An "action" "in its usual legal sense means a lawsuit brought in a court." Black's Law Dictionary 28 (6th ed.1990).*

Thus, J.V.D.B. must show that Horkey's entire lawsuit, and not just her claim under § 1692c(b), was brought in bad faith and to harass J.V.D.B. Although we have not had occasion to delineate what constitutes a *lawsuit brought in bad faith* and for the purpose of harassment under § 1692k(a)(3), **"**We are confident that ***no sound concept*** of such a suit could encompass an action in which the plaintiff wins summary judgment on three of her four asserted claims and has a colorable argument as to the claim on which she ultimately did not prevail.

The district court was, accordingly, correct to deny J.V.D.B.'s motion for attorney's fees under §

1692k(a)(3): ***We cannot fathom how it could have done otherwise.*** In fact, at this

juncture any bad-faith accusations would more appropriately be directed at J.V.B.D. for appealing the

denial

of its attorney's fees, but that issue is not before us"

    The Plaintiff also agrees no sound concept would punish an enforcer of the FDCPA which proved

the party they enforced the FDCPA against did in fact violate the FDCPA, and the Plaintiff cannot

fathom how anybody could honestly make an argument to the contrary.

## THE COURT ABUSED ITS DISCRETION BY FINDING AS A FACT THE PLAINTIFF'S REFUSAL TO PAY LETTER WAS AMBIGUOUS.

While basically moot due to the strict liability nature of the FDCPA and there being no right for a

debt collector to contact a consumer, and the Defendant if they were really confused by the Plaintiff's

letter could have simply not contacted the Plaintiff, the allegation of ambiguity in the Plaintiff's refusal

to pay letter is just nonsensical.

    The Plaintiff meet every element in the FDCPA to assert a cease communications against the

Defendant (a cease and desist), put the Defendant on notice he had no intention of paying the bill

which the Defendant was attempting to collect, and used the exact statutory language in writing his

letter.

    Furthermore, even if the letter was ambiguous, it is well settled under the FDCPA any ambiguity

would go in favor of the Plaintiff, a consumer under the FDCPA. "The FDCPA is a strict liability

statute and is to be liberally construed in favor of consumers to effect its purpose, " ***See, Picht v.***

***Jon R . Hawks, Ltd, 236 F.3d 446, 451 (8 th Cir. 2001).***

    The Defendant most likely felt the letter was ambiguous because as the Defendant testified at trial,

he had never read the section in which the Plaintiff used when sending his letter in the over 30 years he

has been in the debt collection industry and the past decade as the charamine of the board for the

Arkansas State Board of Collection Agencies.

## THE COURT ABUSED ITS DISCRETION BY FINDING AS A FACT THE PLAINTIFF DID SOMETHING IMPROPER BY ADVISING ANOTHER MEMBER OF A CONSUMER MESSAGE BOARD HOW IT WAS MORE LIKELY THAN NOT A DEBT COLLECTOR WOULD VIOLATE THE FDCPA IF A LETTER WAS WORDED A CERTAIN WAY.

There is no law or rule against a savvy consumer providing other consumer's a savvy strategy of gaining leverage over a debt collector and attempting to level the playing field which highly favors the debt collection and credit industry. The defense cannot hold it against the Plaintiff he is smart, works hard at learning the law and is not intimidated what so ever by the collection industry.

## THE COURT ABUSED ITS DISCRETION WHEN IT HELD AGAINST THE PLAINTIFF HE GOT OR GETS AN ADRENALINE RUSH OR EXCITEMENT WHILE IN COURT.

So what, the Court cites no authority finding a litigant in court is not allowed to have an adrenaline rush or excitement. And for the record and the Plaintiff is sure the defense will point out with more message board postings and emails, the Plaintiff is ecstatic about having this case being appealed to the 8th Circuit.

In fact, the Plaintiff was hoping and praying he would lose the motion on attorney's fees and costs so his case would make precedent in favor of his message board friends and underdog consumer's all over the country.

The Plaintiff fully intends to win and knows it will set 8th Circuit precedent and possibly play a role when the United States Supreme Court settles the split in the federal circuits on many of the issues in the Plaintiff's case. That causes an adrenaline rush and excitement. If the defense or the Court can find precedent where this is not allowed, the Plaintiff is all ears.

## THE COURT ABUSED ITS DISCRETION BY FINDING AS FACT THE PLAINTIFF SET UP THE DEFENDANT AND MADE THE DEFENDANT VIOLATE THE FDCPA.

So what, the Plaintiff posed as an uneducated and least sophisticated consumer trying to catch law breaking debt collectors just like an undercover female police officer poses as a prostitute when trying to catch John's.

Nobody puts a gun to the head of a potential John to approach and solicit the officer posing as a prostitute just like nobody held a gun to the head of the Defendant to contact and engage the Plaintiff posing as an unsophisticated consumer.

Is the defense really arguing, and the Court supporting the argument, if the Defendant would have been sure the Plaintiff was aware of his rights under the FDCPA and not unsophisticated they would have taken great care to assure they did not violate the law.

What's next, the argument that if they had only knew the police were hiding behind a tree running radar they would have made sure they were not speeding. The focus in an FDCPA action is on the debt collector's conduct not the consumer's. ***See, Keele v. Wexler, 149 F.3d 589 (7th Cir. 1998).*** "The

FDCPA is a strict liability statute." ***See, Picht v. Jon R. Hawks, Ltd, 236 F.3d 446, 451 (8 th Cir. 2001).***

"The purpose of the FDCPA is to `eliminate abusive debt collection practices by debt collectors,' and debt collectors are liable for failure to comply with `any provision' of the Act." ***See, Richmond v. Higgins, 435 F.3d 825, 828 (8 th Cir. 2006).*** "Impermissible practices include harassing, oppressive or abusive conduct; false, deceptive or misleading representations; and unfair or

unconscionable collection methods, the case law on this issue focuses on the "debt collector's actions," and whether an unsophisticated consumer would be harassed, misled or deceived by them." ***See, Freethinker v. Credit Bureau Services, Inc., 248 F3d 767, 771 (8 th Cir. 2001);***

### THE COURT ABUSED ITS DISCRETION WHEN IT HELD AGAINST THE PLAINTIFF HE WANTED TO DO DAMAGE TO THE DEFENDANT WITH HIS LAWSUIT.

The Plaintiff sued the Defendant to do damage, not make friends with them. "Unlike most private

tort litigants, a plaintiff who brings an FDCPA action seeks to vindicate important rights that cannot be valued solely in monetary terms', *See, City of Riverside v. Rivera, 477 U.S. 561, 106 S.Ct.*

*2686, 91 L.Ed.2d 466 (1986).*

### THE COURT ABUSED ITS DISCRETION WHEN IT HELD AGAINST THE PLAINTIFF THE POST HE MADE ONLINE THAT SAID "IF YOU EVEN DREAM ABOUT VIOLATING MY RIGHTS UNDER THE FDCPA THE FIRST THING YOU BETTER DO IS APOLOGIZE AND PRAY I DON'T SUE YOU FOR EVEN DREAMING ABOUT VIOLATING MY RIGHTS."

While the Plaintiff would love to take full credit for this quote, it is a famous quote by Muhammad Ali with the Plaintiff tweaking it to find into his debt collection case. However, this was posted on a message board and not made to the Court or Defendant direct nor pleaded in a pleading. This is the Plaintiff enjoying the character he plays online.

### THE COURT ABUSED ITS DISCRETION WHEN MAKING A FINDING OF FACT THE PLAINTIFF WORKED FOR HIS TRIAL ATTORNEY, VICTORIA LEIGH, WAS SPLITTING ATTORNEY FEES WITH MS. LEIGH, AND WAS RUNNING UP HIS OWN ATTORNEY'S FEES WHICH HE WOULD LATER SPLIT, THEN RELYING ON THAT FINDING OF FACT TO JUSTIFY ITS ABUSE OF ITS INHERENT POWERS IN SANCTIONING THE PLAINTIFF.

This was a complete lie that was planted on the message boards to see if the defense was gullible enough to actually believe it and then focus their own defense on lies made online and not relevant matters. This was meant to make the defense lose their temper and then go after the Plaintiff personally and abandon their case and advocate for their own hurt feelings and ego and not their client.

Obviously this worked, but once again the defense with their constant complaining about the posts of the Plaintiff which they used their own free will to read and believe, they took a federal judge with them down their gullibility road.

However, see affidavit "B" and incorporated by reference from his prior attorney swearing under the penalty of perjury that 100% of the allegations made by the Plaintiff he was fee splitting or running up her fees were completely false and in no way was there any agreements with the Plaintiff or

instructions to run up fees working for her.

**THE COURT ABUSED ITS DISCRETION WHEN IT MAKING A FINDING OF FACT THE PLAINTIFF ABUSED THE PROCESS BY FORCING THE DEFENSE TO DEPOSE HIM ON A SATURDAY BECAUSE THE PLAINTIFF WAS TOO BUSY DURING THE WEEK DOING**
**NOTHING, THEN RELYING ON THAT FINDING OF FACT AS PART OF ITS ABUSE OF DISCRETION IN ITS SANCTION IMPOSED ON THE PLAINTIFF.**

Another lie planted on the internet which the defense used their own free will to read, believe, and charge thousands of dollars in attorney's fees to their client believing everything they were reading on the internet while spending months focusing on something which never happened while neglecting what could be their true defense. Not only does the Plaintiff's former attorney confirm the Plaintiff had nothing to do with the Saturday deposition, the Plaintiff's schedule was not even consulted. (See affidavit "C" and incorporated by reference).

It should also be noted the trial judge citing the discretion she was using and how she carefully watched the Plaintiff on the witness stand, put in her order the Plaintiff testified he was lying on the internet and she found the Plaintiff lacking in credibility (in other words committing perjury).

**THE COURT ABUSED ITS DISCRETION AND THREE DECADES OF FDCPA PRECEDENT WHEN FINDING THE MOTIVES OF THE PLAINTIFF WERE RELEVANT.**

It is well settled and no further discussion for this motion is need that the motives of a Plaintiff bringing an action under the FDCPA are totally irrelevant.

**THE COURT ABUSED ITS DISCRETION WHEN FINDING THE DEFENDANT'S ALLEGED NON-INTENT TO VIOLATE THE FDCPA WAS RELEVANT.**

It is well settled and no further discussion for this motion is needed that the intent of a debt collector under the FDCPA are totally irrelevant.

**THE COURT ABUSED ITS DISCRETION BY FINDING AS FACT THE PLAINTIFF WAS NOT A PREVAILING PARTY, SUCCESSFUL PARTY, OR HE PREVAILED AT ALL IN HIS**
**LAWSUIT AGAINST THE DEFENDANT.**

The Plaintiff brought an action against the Defendant for violating two different sections under the

FDCPA. The Court refused to dismiss any of the Plaintiff's lawsuit pre-trial, the trial was held and the

Court and jury found the Defendant violated the FDCPA and 100 percent of the Plaintiff's allegations

in his complaint were proven. The Defendant, the president of a collection agency and charamine of the

board for the Arkansas State Board of Collection Agencies, took the stand and admitted he violated the

FDCPA and that in his 30 years in the debt collection industry had never even taken the time to read

and understand the section he was sued under and his only excuse was ignorance of the law, however,

he now does and changed the way his collection agency now operates due to the Plaintiff's lawsuit and

even called collection agencies all over the state to make sure they were not violating the FDCPA like

he admitted to having done.

The Plaintiff broke no rules, laws, or court orders and there is not even an allegation he did anything

even remotely improper while in the courtroom.

In spite of all this, the Court found the Plaintiff lost, was not the prevailing party, was not successful

in his lawsuit, was entitled to no attorney fees or court costs and in fact it was the Defendant that won

and prevailed in this lawsuit. This finding was then used to order the Plaintiff to pay the attorney's fees

and costs of the Defendant.

The Plaintiff has surly read nor has heard about any other order or ruling under the FDCPA that is

more absurd than this finding. The Plaintiff submits this finding is simply a legal absurdity.

Wherefore, the Plaintiff pleading his current financial situation would cause an extreme financial

hardship if required to pay the courts filing fee, along with the required affidavit, and would deny the

Plaintiff access to the courts, pleading his entitlement to seek redress, and pleading the issues for appeal

along with a discussion while not a complete discussion and legal arguments but enough to show his

appeal would be non-frivolous and he has legitimate issues on appeal, respectfully prays this Honorable

Court will grant the Plaintiff's Motion for Leave to Proceed in Forma Pauperis.

Respectfully Submitted,

Brandon Scroggin
Pro Se